*Bland vs. Strange et al.*

52   93<br>125  648

JOHN BLAND, plaintiff in error, *vs.* RICHARD B. STRANGE *et al.*, administrators, defendants in error.

A brought a suit against B in the statutory form, upon an open account. The bill of particulars attached to the declaration set forth the account Thus: "January 1, 1869.—"To rent of house in 1868, $150 00."

*Bland vs. Strange et al.*

B pleaded that A agreed, in 1869, to let him have the rent of the house and pay him $75 00 for boarding his (A's) son that year. The jury found for the plaintiff $150 00, the full amount of his claim, with the interest from the 1st of February, 1870. Afterwards, on the levy of the execution, a contest arose whether certain land was subject to be sold, and this depended on whether the debt was contracted before or after July 22d, 1868:

*Held,* that upon the face of the record it was uncertain whether the lot was rented in 1868 or 1869, and it was error in the judge to refuse to permit B to show by parol, what was the true date of the renting. WARNER, Chief Justice, dissented.

Evidence. Before Judge HERSCHEL V. JOHNSON. Washton Superior Court. October Term, 1873.

An execution in favor of Richard B. Strange *et al.*, administrators of John J. Strange, deceased, *vs.* John Bland, based upon a judgment for $150 00 principal, besides interest and costs, rendered at the April term, 1871, of Washington superior court, was levied upon certain lands. The defendant filed an affidavit of illegality upon the ground that the property was exempt from levy and sale, having been set apart to him as a homestead under the Act of 1868.

Upon the issue thus formed, the plaintiffs introduced the record of the suit in which said judgment was rendered. The declaration was in complaint, based upon the following bill of particulars:

" *John Bland to John J. Strange,* Dr.
" January 1st, 1869.—To rent of dwelling house and lot in Linton, Hancock county, for the year 1868, ........$150 00."

To this action the defendant pleaded that the plaintiffs' intestate was indebted to him in the sum of $225 00 by an agreement to give him the said rent, and the further sum of $75 00 for the consideration that said intestate's son should board with him in said house; that he pleads this sum as a set-off, and claims a judgment for $75 00, the surplus over and above the amount claimed by the plaintiffs.

To the plea was attached the following bill of particulars:

Bland *vs.* Strange *et al.*

"*John J. Strange to John Bland,*                              *Dr.*
" To board of son for the year 1869.....................$225 00
    Credit, for house rent...................................... 150 00
  · Balance due John Bland................................ 75 00

The jury found for the plaintiffs $150 00, with interest from February 1st, 1870, and judgment was rendered accordingly.

The defendant proposed to show by parol that the debt upon which the aforesaid judgment and execution were founded, was contracted subsequent to July 21st, 1868. Upon objection made, this testimony was excluded by the court, and defendant excepted.

The judge certifies that his "impression now is, that the witness by whom it was thus attempted to impeach the verdict, was one of the jurors who rendered it."

The jury found for the plaintiffs. Error is assigned upon the aforesaid ground of exception.

J. A. ROBSON, by PEEPLES & HOWELL, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

Whilst I fully recognize the existence as well as the importance, both to parties and to the public, of the rule that judgments are conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, I am still of opinion that the court was in error in refusing to permit the affiant to show the true date at which the debt upon which the judgment was founded was contracted, and that there was nothing in the proposal to do this infringing, or in the least interfering with, the integrity of the rule to which I have alluded.

It must be noted in the first place that it is the judgment and not the declaration and pleas that makes the estoppel.

The declaration and pleas are only evidence, as explanatory of the judgment. It is not, therefore, every fact stated in a declaration which a judgment in favor of the plaintiff conclusively establishes. If the declaration state a fact which the judgment does not necessarily involve, or if the fact be immaterial or surplusage, the judgment does not establish it: Phil. Ev., Cowen notes, 2 vol., 20, 21, 13, 15, 14.

The date of an account is only material to show that the debt is within the period of limitation, or to fix the time when interest is due upon it. The common counts in assumpsit are promises upon debts due before that time, but the precise day is not stated usually in assumpsit. In our statutory form all that is required is to state that so much is due upon an account, with a reference to a bill of particulars attached: Code, 3393. To require each item of the bill of particulars to fix the date with precision at which it was contracted, or to require it to be amended, if the proof fail to fit it in date and precise amount, would, as I think, be absurd. Surely, one may present a bill of particulars for fifty pounds of sugar at ten cents, dated 1st of July, 1870, and recover for forty pounds at eight cents, of a different date without an amendment. The truth is our Jones' form, as it is called, for an open account, or unliquidated demand, covers parol contracts, implied contracts, or a *quantum meruit*, or a *quantum valebat*, and neither the date nor amount are treated as such allegations as that there would be a variance if the proof showed a different date or amount. If this be so, and I think the law is unquestionable, then a judgment on such a claim may always be explained since the precise date or amount set out in the bill of particulars is not material.

For myself, under the rules well established by the books on this subject, I should say that in suits upon open accounts, when the details of the account appear by bill of particulars, the date fixed in the bill of particulars and amount of the item may always be shown to have been proven on the trial differently from what is stated in the bill, if for any reason it becomes important to get at the truth. The rule that parol

Bland *vs.* Strange *et al.*

evidence will not be received to vary or contradict written, does not apply to bills of parcels, or bills of particulars: 1 Greenleaf's Ev., sec. 305, and note.

But though I am satisfied that the rule does not exclude this evidence in any case where the date or amount is not descriptive of a paper, but appears merely in a bill of particulars which is intended only to show the items which make up the gross sum sued for, and thus give defendant notice of the nature of the claim ; yet, it does not need so wide a rule as that to cover this case. The bill of particulars fixes only the year. Perhaps this rent was to be paid under a contract for a fixed sum, and the contract was not made or the amount fixed until after July, 1868, or even later. Who shall say? What right has anybody to say that because the house is stated to have been occupied in 1868, that the contract was made at the time possession was taken? But there is a stronger view of this case than even this. The *plea* claims two things, to-wit: That the house was, in fact, rented in 1869, and was paid for by defendant boarding plaintiff's son in the house during that year. The jury, it is true, find against the defendant in the payment, but they find for the plaintiff for the full amount claimed, with interest from 1st February, 1870. As I understand this verdict, it is a finding that the year of the renting commenced in February, 1869, and ended February, 1870, and the *judgment,* so far from being conclusive that the contract was made in 1868, proves, if it proves anything on the subject, that the renting was from February, 1869, to February, 1870. The verdict is inexplicable, except upon the assumption that the year of the renting ended February, 1870. If the plaintiff was entitled to interest at all, it was from the end of the year from which the property was rented. Had the jury found, as the plaintiff's declaration claimed, they must have given him interest from 1st January, 1869. Instead of that, they find interest only from 1st February, 1870. We must assume that when the plaintiff came to prove his case he found that in fact the renting was from 1st of February, 1869, to the same date in 1870,

and as the judgment is the matter which estops, it seems to me that if there be any estoppel it is upon him who says that the verdict and judgment are wrong. The jury found according to the statement of the plea, to-wit: that the renting was during 1869, after 1st of February, up to 1st of February, 1870. Taking the declaration, plea and verdict together, and the inference is almost irresistible that the jury have found that the debt was contracted upon a renting in 1869, and that it was due 1st February, 1870. At any rate, in the conflict between the verdict and the sworn statement of only the year in the declaration, and the denial, in effect, of this in the pleadings, I think that parol evidence ought to have been admitted when offered, going to show the renting was in 1869, and not in 1868.

Judgment affirmed.

TRIPPE, Judge, concurred, but furnished no opinion.

WARNER, Chief Justice, dissenting.

This case came before the court below on an issue formed on an affidavit of illegality to an execution which had been levied on property claimed by the defendant as a homestead. The ground of illegality, as set forth in the defendant's affidavit, is that the execution is proceeding illegally against him, because the land levied on had been set apart for the benefit of himself and family as a homestead, and that the debt was contracted in 1869, and the homestead is not subject to levy and sale. On the trial of the issue the jury found the homestead subject to the execution. It appears from the bill of exceptions that the plaintiff offered in evidence at the trial the record of the suit and judgment on which the execution issued, from which it appears that the defendant was sued on an account for $150 00 for the rent of a house and lot for the year 1868. To the plaintiff's action the defendant pleaded that he was not indebted to the plaintiff in manner and form as set forth in plaintiff's declaration, that plaintiff was indebted to him the sum of $225 00, by an agreement with defend-

Bland *vs.* Strange *et al.*

ant to give him the said amount of house rent, and the further sum of $75 00, in consideration that the plaintiff's son should board in the said house rented to him by the plaintiff in 1869. On the trial of that suit the jury found a verdict for the plaintiff for the sum of $150 00, with interest from the first day of February, 1870. Judgment was entered on the verdict, and the execution which issued thereon was levied on the defendant's homestead. The defendant offered to prove by one of the jurors who rendered that verdict that the debt on which the execution was founded was contracted subsequently to 1868, for the purpose of showing that his homestead was not subject to the payment of that debt. The court rejected the testimony offered, on the ground that parol evidence could not be admitted to contradict the record in the original suit, and if parol evidence could be admitted for that purpose one of the jurors who rendered the verdict was not a competent witness to prove what the jury intended to find by their verdict.

It appears on the face of the record of the suit in which the judgment was obtained, that the plaintiff sued the defendant for $150 00 for the rent of a house and lot for the year 1868. The defendant joined issue with the plaintiff on the allegation that the contract was made for the rent of the house for the year 1868, and alleged that the plaintiff had agreed to give him that amount of house rent, and the further sum of $75 00 for the board of his son in said house in 1869. On the trial of that issue the jury found a verdict for the plaintiff for the sum of $150 00 for the rent of the house for the year 1868, as alleged in his declaration. The issue made by the pleadings in that suit, as shown by the record, was whether the defendant was indebted to the plaintiff for the rent of the house for the year 1868, and the jury found that he was so indebted. There is no allegation in the pleadings of any contract, express or implied, for the rent of the house and lot for the year 1869 which could have authorized the jury to find a verdict for the rent thereof for *that year*. The allegation of the defendant in his plea is that the plaintiff

agreed to give him the rent for the house for boarding his son in 1869, not that he rented the house from the plaintiff in 1869.

The distinct issue made by the record in the former suit was whether the defendant was indebted to the plaintiff $150 for the rent of the house and lot for the year 1868, and there is no allegation in the record which *could* have authorized the jury to have found a verdict for the rent of the house for any other year than the one alleged in the record offered in evidence. There were two distinct issues made by that record—first, whether the contract was made by the defendant for the rent of the house for the year 1868, as the plaintiff alleged in his declaration; second, whether the defendant was entitled to his set-off for the board of the plaintiff's son in 1869, as alleged by the defendant in his plea. On the trial the jury found both issues in favor of the plaintiff against the defendant. Was the parol evidence offered by the defendant at the trial for the purpose of showing that the verdict of the jury was rendered in that case on a contract made for the rent of the house in 1869, admissible in view of the allegations contained in the record offered in evidence by the plaintiff? In my judgment, it was not, for the reason that it contradicted that record; in other words, the parol evidence was offered to contradict the judgment of the court which had been rendered on the issue made between the parties by the pleadings in that record. But it is said that inasmuch as the jury found a verdict for the plaintiff for $150 00, with interest from the 1st day of February, 1870, that they must have intended to have found that the contract for the rent of the house was made in 1869. The reply is that there is no allegation in the pleadings contained in the record which would have authorized them to find *that fact.* The verdict was rendered on the contract as alleged in the pleadings, and the only contract alleged therein was made in 1868. The fact that the jury found interest on the contract alleged in the pleadings only from February, 1870, does not prove that the contract was not made in 1868, as alleged; it only proves that the jury, for

Bland *vs.* Strange *et al.*

some good reason, equitable or otherwise, apparent to them, thought that the defendant ought not to pay interest on the alleged contract until 1st February, 1870, and that is all that can be fairly said of it.   In no legal sense can it be said that because the jury found interest on a contract alleged to have been made in 1868 only from the 1st of February, 1870, that therefore they intended to find that the contract was made in a different year than the one sued on, the more especially as there was no allegation in the pleadings which would have authorized them to have done so.   The distinct issue was made by the pleadings in the former suit as to whether the contract for the rent of the house was made between the parties for the year 1868, and that issue was found against the defendant in that suit, and a judgment, as evidence between them as to matters directly in issue, was conclusive until reversed or set aside : Code, 3826.

In my judgment, it would establish a dangerous precedent to allow parol evidence to be admitted to contradict the records of the courts, and to show what was the *intention* of the jury in finding their verdict, two years after the same had been rendered and judgment entered thereon, as in this case. The verdict of a jury may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded and the jury dispersed, it cannot be amended in matter of substance, either by what the jurors say they *intended* to find, or otherwise : Code, 3492.   Besides, the defendant in this case has had his day in court; he has been heard in relation to the contract alleged to have been made by him in 1868, and judgment has been rendered against him thereon, and he cannot, by an affidavit of illegality, go behind that judgment and allege that it was rendered on a contract made for a different year than the one alleged in the record of that judgment: Code, 3671.

In the view which I have been enabled to take of this case, on the statement of facts disclosed by the record, I am of the opinion that the judgment of the court below should be affirmed.