.HEATH *et al.*, administrators, *vs.* BATES.

1. The pendency of a former suit for the same cause of action between the same parties, in the same or any other court of competent jurisdiction, is (with certain specified exceptions) a good cause of abatement, unless the first action is so defective that no recovery can possibly be had. As to actions simultaneously commenced and prosecuted, a suitor is put to his election.
2. While a *scire facias* to make parties in some of its features is in the nature of a suit, it is more properly a continuation of the old case than the inception of a new one, and it is not such a suit or action, within the meaning of the Code, as will abate under a plea setting out the pendency of another *scire facias* between the parties and for the same purpose.

April 3, 1883.

---

*68 *Ga* , 490.

*Scire facias. Lis pendens.* Abatement. Actions. Before Judge FAIN. Bartow Superior Court. July Term, 1882.

Bates brought ejectment against Vaughan. Pending the action the defendant died, and, after the expiration of twelve months, plaintiff proceeded by *scire facias* to make his administrators parties. They pleaded that a former *scire facias* had been sued out by the plaintiff, and was pending at the time this proceeding was begun, and therefore the second proceeding should abate. On the hearing, counsel for movant moved to strike the plea, and stated that the former proceeding had been dismissed since the issuing of the second *scire facias.* Counsel for respondent admitted this under protest, insisting that it could not be considered on a motion to strike the plea. The court struck the plea, and passed an order making the respondents parties; whereupon they excepted.

AKIN & AKIN, for plaintiffs in error.

J. M. NEEL, for defendant.

HALL, Justice.

To a *scire facias* to make parties, can the pendency of another *sci. fa.* between the same parties and for the same purpose be pleaded in abatement? The pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, is a good cause of abatement; but if the first action is so defective that no recovery can be possibly had, the pendency of a former suit will not abate the action. Code, §3476. See in connection *Ib.*, §2894, in which a suitor is put to his election where two actions are commenced and prosecuted simultaneously for the same cause; but if commenced at different times, the pendency of the former is a good defence to the latter. These rules are applicable also

to torts (*Ib.*, §3063), and the only exceptions which the Code makes to them is in cases of attachments *pendente lite*, (*Ib.*, §§2895, 3280), and in cases by informers, wherein the first filed in office for the same cause of action has precedence, and the latter abates. *Ib.*, §2896. See also *Ib.*, §1948, which provides that a creditor cannot pursue the person and property of his debtor at the same time, except in cases specially provided for, and if he does so the process last sued out shall be void; and by the common law, suits may proceed simultaneously upon a mortgage and the debt it is given to secure, and the pendency of one will not affect a suit brought thereafter upon the other.

Is a *scire facias* to make parties a "suit" or "action" in which there can be a recovery? If it is not, the pendency of a former cannot be set up as a defence to the latter. There is nothing in our Code that countenances such an idea. §§3429 to 3436 inclusive. Indeed, in case of suits to revive dormant judgments, option is given to proceed either by action of debt or *scire facias* (Code, §3604); if the action of debt be adopted, it must be brought in the county where the defendant resides at the commencement of the action (*Ib.*, §3605); but the *scire facias* is brought in the county, and returnable to the court in which the judgment that has become dormant was rendered (*Ib.* §3607), because it is expressly declared not to be "an original action, but a continuation of the suit in which the judgment was obtained." *Ib.*, §3606. It is apparent that this is strictly true of a *scire facias* to make parties, the very purpose of which is to continue the suit in which it issued and to prevent it from abating by the death of any or all the parties. And these provisions are in accord with the principles of the common law; they are taken from the decisions of our courts and incorporated into the Code; none of these adjudications declare the *scire facias* a "suit," or "action." Judge Lumpkin delivering the opinion of the court in 1 Kelly, 293, quoting from Coke, says that the *scire facias* is accounted in law to be "in the nature of an

action," and so Judge Bleckley, in 52 *Ga.*, 93, describes it as being in the "nature of a suit," and that, too, it must be remembered, only to a limited extent, to enable the party to make a proper defence, which, in this particular case, would consist of anything going to show that he should not become a party to the original suit. 2 Abbott's L. Dict., *verbo Scire Facias*, pp. 448, 449.

"A *scire facias* is deemed a judicial writ, founded on some matter of record, as judgments, recognizances, and letters patent, on which it lies to enforce the execution of them, or to vacate or set them aside. And though it be a judicial writ, or writ of execution, yet it is so far in the nature of an original action, that the defendant may plead to it, and it is in that respect considered as an action." 8 Bacon's Ab., *Sci. Fa.* (A). But for some purposes it is considered only as a continuation of the original action. As where interlocutory judgment was obtained against his testator before his death, and pending the action his attorney agreed that no writ of error should be brought; on testator's death a *scire facias* being brought on the judgment against his executors, the court held that they could not bring the writ of error; because, as Ashurst, J., delivering the opinion, said, "this is not a new action, but a continuation of the old one; it is only a *scire facias* to revive the former judgment. And as the testator himself, if he had lived could not have brought a writ of error, in consequence of the agreement, neither can his executors." Ex'rs of Wright *vs.* Nutt, 1 T. R., 388. "One that is no party to the record, recognizance, fine or judgment, as the heir, executor, or administrator, though they be privy and it be within the year, shall have no writ of execution, but a *scire facias* to enable themselves to the suit." 8 Bac. Ab., *Sci. Fa.*, C. (4). In Bouvier's Law Dict., *verbo* Action, we find the distinction clearly marked out between an action in its legal sense and a suit of *sci. fa.* "Actions," he says, "are to be distinguished from those proceedings, such as a writ of error, *scire facias*, *mandamus*, and the

like, where, under the form of proceedings, the court, and not the plaintiff, appears to be the actor," citing 6 Binney's R., 9.

A *scire facias* not being a suit or action, it follows that the pendency of a former suit cannot be pleaded in abatement to it, and hence the defence was properly disallowed by the court below. This disposes of the case, and renders the consideration of the other questions made by the record and insisted upon at the hearing, unnecessary.

Judgment affirmed.