### ALLEN *et al. v.* STEPHENS.

LUMPKIN, P. J. 1. As a general rule, "where a right depends upon some condition or contingency, the cause of action accrues and the statute runs only from the fulfilment of the condition or contingency." This is true because "it is a general rule of law that if a plaintiff sues on a cause of action, he must recover, once for all, all damages incident to it, past, present and future, certain or contingent." 13 Am. & Eng. Enc. L. pp. 720–721, 722-723.

2. Accordingly, where a party's right to recover a greater or less fractional part of a sum of money in the hands of another depended upon whether a widow did or did not marry before she died, he was not bound to sue until she either married or died, and therefore the statute of limitations did not begin to run against him until the happening of one or the other of these events. *Judgment reversed. All the Justices concurring.*

Argued June 28, — Decided August 10, 1897.

Complaint. Before Judge Harris. Carroll superior court. October term, 1896.

*Cobb & Brother, Oscar Reese* and *J. T. Pendleton*, for plaintiffs. *Adamson & Jackson*, for defendant.