## BUSBY *v.* MARSHALL.

1. Where a landlord enters into a parol contract with his tenant, in which it is stipulated that the latter shall make certain improvements upon and furnish certain materials for the premises rented and that the tenant shall be paid therefor, and it is expressly agreed and understood between the landlord and tenant that the tenant's account against the landlord for the materials furnished and improvements made shall become payable on the date when the tenant shall remove from said premises and give possession thereof to his landlord, the statute of limitations does not begin to run against the account for said improvements until the tenant removes from the premises and surrenders the possession thereof to his landlord.

2. A petition setting forth a contract containing the stipulations above recited, and alleging the failure and refusal on the part of the landlord to pay the tenant's account for said material and improvements, that the same were necessary and valuable, that at the time of furnishing

and making the same the landlord had full knowledge thereof, that they were made at the request of the landlord, and that he agreed at the time of the making thereof that he would pay petitioner therefor, was good as against a general demurrer based upon the contention that the contract set out in the petition was void and unenforceable because of vagueness and uncertainty.

3. Items of account running through several years, attached to the petition in a suit by a tenant against a landlord for labor done, materials furnished, and improvements made upon the rented premises, which bear no date and which are otherwise defectively set forth, are open to attack by special demurrer calling for more specific information; and where these defects are not cured by amendment, the demurrer should be sustained and the items so defectively set forth should be stricken.

Argued January 20,—Decided May 24, 1906.

Complaint.    Before Judge Hamilton.    City court of Floyd county. March 16, 1905.

*M. B. Eubanks,* for plaintiff. *Halsted Smith,* for defendant.

BECK, J. The petition of Busby, as amended, contained in substance the following averments: that he, as tenant of Marshall, made upon the premises of the latter, upon which petitioner lived, divers improvements, such as repairing houses, building chimney, clearing land, furnishing lumber and labor, and various other matters detailed in the amended petition. He specified the years in which the different items were furnished and labor performed, but did not give the exact dates; alleging, however, that although he could not "give the exact date, that is the month and day on which said material was furnished and labor done and improvements made," still "defendant has full knowledge of all the facts in connection with said matters." He further averred, that "all the items set forth in said account were valuable and necessary, and improved the farm of said Marshall, and that all of said material and labor was furnished at the request of said Marshall, and said Marshall agreed at the time of making said improvements that he would pay petitioner therefor, and it was expressly agreed and understood between said Marshall and petitioner that petitioner's said account against said Marshall should become due and payable on the date when petitioner should remove from said farm and give possession of said farm and improvements to said Marshall." The defendant demurred both generally and specially, alleging, in the usual general terms, that no cause of action was set forth in the petition, and specially demurring on the ground that the copy of the account

stated in the petition "bears no date; and does not state when each item was done or furnished, nor where done or furnished. Further, because said petition does not set forth the terms of the contract referred to in the third item of the petition, nor the date of said contract, nor does it set forth during what time petitioner resided upon said farm." After the petitioner amended, specifying the years in which the different items were furnished and labor performed, but failing to give the exact dates, that is the months and days on which said material was furnished, labor done, and improvements made, the defendant again demurred both generally and specially, and insisted upon the demurrer already filed, adding thereto ten other grounds of general and special demurrer. The plaintiff himself struck from his account all items of material furnished in the years 1901 and 1902, which were the only items in the account for material furnished within a period of four years previous to the filing of the suit. The court sustained the defendant's demurrer upon all the grounds thereof, and dismissed the case, awarding the judgment for costs in favor of the defendant and against the plaintiff; to which ruling the plaintiff excepted.

1. It appears from the petition and amendments in this case that the repairs and improvements made and material furnished were all made and furnished more than four years prior to the filing of this suit, and the defendant contended that for this reason his general demurrer upon the ground that the account was barred by the statute of limitations was properly sustained. The ruling laid down in the first headnote is adverse to this contention, and is amply supported by authority. "As a general rule, 'where a right depends upon some condition or contingency, the cause of action accrues and the statute runs only from the fulfillment of the condition or contingency.'" *Allen* v. *Stephens,* 102 *Ga.* 596. See also 19 Am. & Eng. Enc. L. (2d ed.) 193, and cit.

2. The contention that the contract which is the foundation of this suit is not enforceable, for a lack of definiteness, is met by a long array of adverse authorities. A contract more indefinite was held to be not unenforceable because of indefiniteness, in the case of Worthington *v.* Beeman, 91 Fed. 232. The ruling of the Circuit Court of Appeals of the United States, as well as the substance of the stipulations in the contract ruled upon, is contained in the fourth headnote of the decision last cited, and is in the following

language: "A written contract by which defendant gave plaintiff the exclusive sale of a manufactured article in a certain territory during a specified term, and which provided that in case plaintiff succeeded in doing such a business as defendant might 'reasonably expect,' it should be renewed for a further term, is not so indefinite or uncertain in its terms that it will not support an action for damages for a refusal of defendant to renew at the expiration of the first term, the amount of business which defendant could reasonably expect being a matter which may properly and with sufficient certainty be determined by a jury, to which tribunal the parties by their contract in effect referred it in case of their disagreement." See also Penn. Co. *v.* Dolan, 6 Ind. App. 109 (51 Am. St. Rep. 289), where the Indiana court held that "A verbal promise by a railroad company to give an employee, who is injured while performing his duties, 'steady and permanent employment,' in consideration of a written release executed by the latter, discharging the company from all liability arising out of the injury, is not void for uncertainty and indefiniteness as to time of employment." A similar doctrine is laid down in many cases collected in a note to the case of Carnig *v.* Carr, 35 L. R. A. 512, s. c. 167 Mass. 544.

3. The items of account were without date, and the petition failed to show when they were contracted or when they became due and payable. They were attacked by the special demurrer based upon that ground, but the plaintiff sought to cure the defect by an amendment averring that "petitioner can not give the exact date, that is, the month and day in which said material was furnished and labor done and improvements made, but charges that said defendant has full knowledge of all the facts in connection with said matters, that all the items set forth in said account were valuable and necessary, and improved the farm of said [defendant], and that all of said material and labor was furnished at the request of said [defendant], and said [defendant] agreed at the time of making said improvements that he would pay the petitioner therefor." Even if this amendment shows with sufficient definiteness when each item of the account was made, it fails to show the most material fact that should be made to appear, and that is, when the account became due. "The date of an account is only material to show that the debt is within the period of limitation, or to fix the time when interest is due upon it." *Bland* v. *Strange, 52 Ga.*

93.    The above amendment sets forth the facts which show that the debt was not barred by the statute of limitations, but it does not fix the date from which interest should be calculated, or the date upon which the account became due and payable, but alleges that "said account became due and payable on the date when petitioner should remove from said farm and give possession thereof, together with the improvements, to said [defendant]. . . Petitioner removed from said farm and surrendered possession thereof to said [defendant] on the —— day of December, 1902, on which date all of said account became due and payable." It is obvious that in failing to state the date when he surrendered the possession of the farm to the defendant, the plaintiff failed to state or show the date upon which the account became due, and so failed to cure the defects pointed out in the special demurrers; and because of this, the court did not err in sustaining the special demurrers and dismissing the plaintiff's case.

Judgment affirmed. All the Justices concur, except Fish, C. J., absent.