### 1671.  HOUSER *v.* FARMERS' SUPPLY COMPANY.

1. A contract of guaranty or suretyship, entered into by an ordinary commercial or industrial corporation, not in furtherance of one of its authorized corporate purposes, is ultra vires.
2. The breach of a material term of a contract gives rise to a cause of action immediately, and the statute of limitations begins to run therefrom, notwithstanding the injured party may have suffered only nominal or general damages. The fact that at the time of the breach no special damages are ascertainable, or that the special damages are indefinite as to amount, does not prevent the running of the statute of limitations.

Action on contract, from city court of Dublin—Judge Jordan presiding.   December 21, 1908.

Submitted March 10,—Decided April 15, 1909.

*Peyton L. Wade,* for plaintiff in error.

*J. S. Adams, W. C. Davis,* contra.

POWELL, J.   Houser sued the Farmers' Supply Company, a mercantile corporation, alleging, that the corporation had agreed with him if he would enter its employment and would become a stockholder therein, it would, in addition to paying him a salary, indorse his note at the bank for a sum necessary to pay for the stock, continuing the indorsement from time to time, and from year to year, for five years, at the end of which period there was to be a division of profits, through the declaration of an accumulated dividend; that at the end of the first year (December, 1902) the corporation refused to continue to indorse the note given for the procurement of the money under the circumstances just stated, whereupon it became necessary for him to make a new arrangement to get the money, by which the person from whom he got the funds was to obtain four per cent. interest in addition to one half of the profits to be earned by his stock; that on account of the prosperity of the business, the profits amounted to a considerable sum in excess of what the legal interest on the loan would have been.   The alleged contract with the corporation was made through the persons who on its organization became president and general manager.   The plaintiff was himself a director and vice-president.   No express power appeared in the charter authorizing the corporation to enter into any contract of suretyship and guaranty.   The court granted a nonsuit, and the plaintiff excepts.

1. While industrial and mercantile corporations are not wholly prohibited from making contracts of guaranty and suretyship, such contracts are closely scrutinized, and are not valid unless it appears that they were in direct furtherance of authorized corporate purposes.   Ordinarily the officers of a corporation have no power to make a contract in its behalf guaranteeing a private debt of one of its stockholders.   Brandt on Suretyship (3d ed.), §12 and note.   The contract in the present case seems to have been ultra vires and not binding on the corporation.

2. The nonsuit was proper for another reason,—it appears that the plaintiff's cause of action was barred by the statute of limita-

tions. If he had any right of action, it arose immediately upon the corporation's breach of the contract. The plaintiff seeks to avoid the statute by saying that it did not appear, until the dividend was finally declared, how large his loss would be, or what his damages for the breach of the contract amounted to. It is true that, as a general rule, where the right of action on a claim depending on a contingency or condition does not accrue until the happening of the contingency, the statute does not begin to run until then. *Allen* v. *Stephens,* 102 *Ga.* 596 (29 S. E. 443) ; *Busby* v. *Marshall,* 125 *Ga.* 647 (54 S. E. 646). But the contingency or condition which gives rise to the right of action for the breach of a contract is the breach itself. In contemplation of law, injury immediately flows from every breach of contract to the person against whom it has been broken. If he can not show special damages, he can at least recover general or nominal damages. Therefore, for the breach of a contract a cause of action exists at once, and the statute of limitations begins to run; notwithstanding the fact that the full amount of the special damages which would ensue remains unknown and not definitely ascertainable until after the time when the statute has barred the action. Nor is the plaintiff entirely precluded in such a case from recovering special damages, though the exact amount of them is not known at the time he begins his action; for if the damages which are to ensue will flow proximately and directly from the breach, it is the duty of the jury, upon the trial of the case, to estimate such damages, and to award them according to the light to be obtained from the evidence and the probabilities arising therefrom. The case at bar is controlled by the cases of *Lilly* v. *Boyd,* 72 *Ga.* 83; *Gould* v. *Palmer,* 96 *Ga.* 798 (22 S. E. 583). The plaintiff seems to have suffered a hardship, but the law is against him on the facts of his case as developed at the trial.          *Judgment affirmed.*