## SOUTHERN RAILWAY COMPANY *v.* GRANT.

1. Where a suit against a corporation is brought on account and an itemized statement thereof is attached to the petition, it is not necessary for the plaintiff to set forth in the petition the grounds upon which he contends that the defendant is liable to pay him the account.
2. One dealing with a special agent is bound to take notice of the extent of his authority.
  (*a*) A physician who, under a written contract between him and a railroad company, is thereby employed to give first medical attention to persons injured in the operation of the road of the company when ordered by it to attend them, but by the terms of the contract of employment is prohibited from admitting any such persons "to hospital or private quarters on account of the company without specific authority from the head of the department to which such injury is accredited, or some other officer of the company," in the absence of such authority can not bind the company by contracting with a hotel-keeper to furnish, on its account, board and lodging for such injured persons, or for those in attendance on them.
3. Declarations of an agent are not admissible to prove his agency.
  (*a*) The fact that the defendant, acting on the recommendation of the same physician who, as claimed by the plaintiff, incurred the account with the plaintiff on which the present suit is brought, had on a previous occasion paid to the plaintiff the board of a person injured by the defendant was an immaterial one, and proof thereof was inadmissible.

MAY 11, 1911.

Complaint. Before Judge Kimsey. Habersham superior court. June 1, 1910.

*Robert McMillan* and *A. G. & Julian McCurry,* for plaintiff in error.  *J. C. Edwards,* contra.

HOLDEN, J. The defendant in error (hereinafter called the plaintiff) brought suit against the plaintiff in error (hereinafter called the defendant), alleging that the defendant was a corporation having an office and doing business in the county in which the suit was brought, and was "indebted to petitioner in the sum of one

hundred and twenty-three dollars on account, a copy of which is hereto attached and made a part of this paragraph and petition and marked exhibit 'A.'." The account attached to the petition was as follows: "Southern Railway Company, in account with B. W. Grant, Prop'r Hotel Grant, Cornelia, Ga. To board for injured boys Tom Brock and Gordon Logan, and for nurses, assistants, and doctors for the same, from March the 16th to April the 5th, 1907. To one week's board for Gordon Logan, $10.00." (Here followed other items, consisting of charges for board, for a specified time, for named persons, and the amounts respectively charged for the same; except that in two items the persons named were described as nurses, assistants, or physicians.) A verdict was rendered in favor of the plaintiff, and to the order of the court refusing the defendant a new trial it excepted.

1. The defendant made a motion to dismiss the action, on the ground that the petition "contained no allegation showing any legal liability of the defendant for the payment of the account sued on, and that the pleadings did not set forth a prima facie case of liability of defendant for the payment of the account sued on." Exceptions pendente lite were filed to the ruling of the court overruling this motion, and error was assigned thereon in the bill of exceptions. The court committed no error in overruling the motion to dismiss the petition. The plaintiff had the right to bring the suit upon an account, attaching to his petition a bill of particulars or statement of the account, and to recover upon proof of an express or implied promise to pay the same. If, as in this case, the account be against a corporation, and it was not in fact incurred by it, or was incurred by one of its agents not authorized to bind it in that regard, there can be no recovery. If the account was incurred by some agent authorized to bind the corporation, but not its agent to make payment, it would be the duty of the agent· to notify the proper authorities of the corporation to discharge it; and if the agent failed to so notify them, they would nevertheless be charged with knowledge of its existence, knowledge of the acts of an agent within the scope of his authority being in law imputed to his principal. Under either view, the corporation can not require more specific pleading in a suit against it of this character than would be required of a plaintiff bringing a like suit against an individual defendant. It was unnecessary to set forth in the petition the

grounds upon which the plaintiff claimed the defendant was liable to him on the account upon which the suit was brought. *Talbotton Railroad Co.* v. *Gibson,* 106 *Ga.* 229, 234 (32 S. E. 151) ; *Jackson* v. *Buice,* 132 *Ga.* 51 (63 S. E. 823) ; 1 Am. & Eng. Enc. Law & Pr. 778.

2. Upon the trial of the case, part of the evidence in favor of the plaintiff was substantially as follows : The plaintiff operates a hotel at Cornelia, Ga. On March 16, 1907, Gordon Logan and Tom Brock were injured on the railroad of the defendant, and were taken to the hotel of the plaintiff. Dr. Crawford, a physician residing in Cornelia, operated 'on one of them, and a short time thereafter they were removed by Dr. Crawford to the hotel of the plaintiff. Subsequently and during the same day Dr. Hathcock, the surgeon of the defendant, came to the hotel, and he and other physicians performed other operations on Brock and Logan. Dr. Hathcock contracted with the plaintiff to care for Brock and Logan and to board and lodge the nurses and other persons attending them, and that the railroad would pay for the same. He boarded Brock, Logan, and others, under this agreement, and the account sued upon is for such board and lodging. "On the——day of ————, 190—," Hathcock notified the plaintiff that Brock had sued the railroad company, and that the latter would no longer be responsible for the board and lodging of Brock or any of the others. Hathcock testified, upon the trial of the case, that he went to Cornelia to attend Brock and Logan by virtue of a message from the officers of the railroad company to do so; that he made no contract with the plaintiff on behalf of the company to board and lodge Brock and Logan, or any other person; that he had no authority to make such a contract; that under his contract with the railroad company his authority as surgeon or agent of the company was so limited that he had no authority to bind the company by virtue of any contract which the plaintiff contended was made, and that he made no such contract. The defendant introduced the contract between it and its surgeon Hathcock. The brief of evidence sets forth the following provisions of the contract as being the ones material to be considered : "Said contract, after being a contract entered into January 1, 1902, between the Southern Railway Co. and Jiles Hathcock, as surgeon of said road, fixing the fees for services, and regulations governing said surgeons when employed

by the Southern Railway Co., after fixing fees for services, provides as follows, to wit: In all cases of injury to employees, passengers, or others, when first or temporary attention is ordered, first attention should be construed as authorizing the surgeon to control hemorrhages and relieve pain and shock, together with temporary aseptic and surgical dressing. The patient should then be turned over to his friends, or, in the case of tramps, to the authorities or charitable institutions. When temporary attention is ordered, no further expense will be incurred or paid by the company; and the surgeons are requested to strictly comply with this rule. A surgeon is an agent of the company only after he has been properly called, and then limited as to such to the immediate necessities of the injury. When attention is rendered to persons not in the employ of the company, or in its employ and the accident be due to the carelessness of the person, the surgeon, after having been notified by the company that it does not hold itself responsible for any claim for damages sustained by such injured person, may present his bill for a reasonable sum for such an attendance to such person for payment, but the company shall not be liable for the payment of such bill. No case of injury must be admitted to hospital or private quarters on account of the company without specific authority from the head of the department to which such injury is accredited, or some other officer of the company." There was other evidence introduced; but, under the view we take of the case, we deem it unnecessary to set forth the same.

There was no testimony to show that Hathcock was a general agent of the railroad company. The evidence shows that when he was sent by the company to attend Brock and Logan (injured on its railroad), the written contract between him and the company was in force. This contract shows that Hathcock was a special agent of the company when he rendered services for it to the injured parties. Under this contract "without specific authority" from one of those referred to in the contract, he had no authority to make a contract by which the company would be bound to pay for the board and lodging of the injured persons, or of any one nursing or otherwise rendering them services in a "hospital or private quarters." By the express terms of the contract such authority was denied him. The contract provides: "No case of injury must be admitted to hospital or private quarters on ac-

count of the company, without specific authority from the head of the department to which such injury is accredited, or some other officer of the company." No officer of the company specially or otherwise authorized any one to admit either of the injured parties "to private quarters on account of the company," nor did the head of any department of the company do so. If Hathcock made the contract with Grant which the latter testified he made, he had no authority to do so; and the evidence does not show that such a contract, if made, was ratified by any agent or officer of the company. It is well settled that any one dealing with a special agent is bound to take notice of the extent of his authority. *Inman* v. *Crawford,* 116 *Ga.* 63 (42 S. E. 273); *Americus Oil Co.* v. *Gurr,* 114 *Ga.* 624 (40 S. E. 780). In this case Hathcock was a special agent of the company, without authority to bind the company by an agreement that the company would pay for the board and lodging of the injured parties, or any one serving them, and Grant was bound to take notice of the lack of such authority. If Hathcock made such an agreement, the company was not bound by it. In 2 Am. & Eng. Enc. Law & Pr. 1044, it is said: "A railroad physician or surgeon employed by the corporation to render professional services to its servants or other persons injured in the operation of the road can not, in the absence of express authority, engage the services of others at the expense of the company to attend such injured persons or furnish them with the necessary supplies." See *Central of Ga. Ry. Co.* v. *Price,* 106 *Ga.* 176 (32 S. E. 77, 43 L. R. A. 402, 71 Am. St. R. 246); Bond *v.* Hurd, 31 Mont. 314 (78 Pac. 579, 3 Am. & Eng. Ann. Cases, 566, and authorities cited in note beginning on p. 570); Mayberry *v.* Chicago, R. I. & P. Ry. Co. (Mo.), 11 Am. & Eng. R. R. Cases, 29, and cases cited in note on p. 30; 1 Elliott on Railroads, §§ 222-225. The ruling we make does not conflict with the decisions referred to in 2 Am. & Eng. Enc. Law & Pr. 1044, 1 Elliott on Railroads, § 222, and 3 Am. &. Eng. Ann. Cases, 572, to the effect that subordinate officers or agents of a railroad company are clothed with the powers of the corporation itself for the purposes of meeting an immediate emergency when a person is injured on the road; nor with the principle that an agent's authority will be construed to include all necessary and usual means for effectually executing it. The record does not show that the

company held Hathcock out as its agent authorized to make the agreement which Grant says he made, or that he was apparently acting within the scope of his authority in making such contract, if he made it. The evidence shows that Hathcock was a special agent, and if he made such an agreement, in doing so he was acting without the scope of his authority and the company is not bound by it. The court erred in refusing the written request of counsel for the defendant to give certain instructions to the jury, which request was properly constructed and was in conformity to .the principle above announced. The charge of the court of which complaint is made in one ground of the motion for a new trial was not in accord with the ruling herein made, and was error.

3. Complaint is made that the court erred in admitting the following testimony of a witness for the plaintiff: "I had a conversation with Dr. Hathcock about Tom being here at the Grant Hotel. He told me that he was an agent of the Southern Railroad. I don't know as I can say in what capacity. He said he was railroad agent or doctor for the railroad." It was error to admit this testimony, as the fact that one is agent for another can not be proved by the declarations of the former.

Complaint is also made that the court erred in admitting the following testimony of the plaintiff: "The Southern Railway paid the expenses of Addison staying at my house at the time he was hurt." It appears from the testimony that, before Brock and Logan were injured, one Addison was injured and was taken to the hotel of the plaintiff, who was paid for boarding him by the defendant on the recommendation of Hathcock after he left the hotel. This testimony was irrelevant and should have been excluded. There was no effort to show, nor any contention, that it was the custom of the company to pay for boarding injured persons and those attending them, or that it had ever done so except in the instance above referred to, where Addison was injured by the company and it paid his board upon the recommendation of Hathcock.

*Judgment reversed. All the Justices concur.*