8402.  LAWRENCE *v.* STEPHENS.

BROYLES, P. J.  1.  Under the facts as disclosed by the record, the plea in abatement, which was filed by the defendant and allowed by the court, set up no valid defense to the plaintiff's suit, and the court did not err in thereafter striking it on an oral motion made by the plaintiff's counsel.

2. The plea in abatement having been stricken, and the defendant having introduced no evidence to sustain his other pleas, the court did not err in directing a verdict for the full amount sued for.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JUNE 15, 1917.

Complaint; from Baldwin superior court—Judge H. C. Hammond presiding. January 8, 1917.

The action was on a promissory note of the defendant to Mrs. M. L. Stephens, the plaintiff, for $1,620, besides interest and attorney's fees. The defendant pleaded that except as to a sum which he tendered by his plea, he had paid the note by delivering to the plaintiff certain notes of G. S. Sumner for $1,466, which the plaintiff accepted in payment. The additional plea referred to in the foregoing decision was as follows: Defendant says that the notes of G. S. Sumner heretofore referred to in his answer were in-

dorsed by defendant, and that on the 18th day of March, 1914, since the filing of this suit, the plaintiff filed in the superior court of Worth county, Georgia, suit against this defendant and the said G. S. Sumner upon a certain promissory note in the sum of $533, which was one of the notes referred to in his answer as having been accepted by the plaintiff as part payment of the note sued on, and at the October term, 1914, of ·Worth superior court a verdict and judgment were entered up against the said G. S. Sumner in said case, and against this defendant as security, for principal, interest, attorney's fees, and costs. Defendant avers further, that on the 17th day of September, 1914, after this suit was filed, the said Mrs. M. L. Stephens filed in Worth superior court a suit against the said Sumner and this defendant on two promissory notes, the aggregate principal sum of which was $1,007.64, which notes are more fully described in said petition, and that the notes therein sued on are the identical notes delivered by this defendant to the said Mrs. Stephens as part payment of defendant's note which is sued on in this court. Defendant avers that he was indorser on these two notes sued on in Worth superior court, and that the said Mrs. Stephens has obtained judgments thereon or is seeking to obtain the same against the said Sumner and this defendant in that court. Defendant has filed no defense thereto, and the time in which such defense is required by law to be filed has passed, and if the said Mrs. Stephens is allowed to maintain this suit and judgment is rendered for her, and this plea and defense is not allowed, she will be recovering twice on the same cause of action against this defendant. Defendant avers that the superior court of Worth county in which the suits referred to are pending is a court of competent jurisdiction to render judgments therein against this defendant.

*Sibley & Sibley,* for plaintiff in error, cited: *Howes* v. *Chester,* 33 *Ga.* 90; *Cook* v. *Ga. Land Co.,* 120 *Ga.* 1068 (1); *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3a); Civil Code (1910), §§ 4331, 5678; *Rogers* v. *Hoskins,* 15 *Ga.* 270, 273.

*Allen & Pottle,* contra, cited: *Augusta R. Co.* v. *Dorsey,* 68 *Ga.* 228 (2); *Dykes* v. *McVay,* 67 *Ga.* 502; *Heath* v. *Bates,* 70 *Ga.* 633; Civil Code (1910), § 5522; *Georgia Mills &c. Co.* v. *Clarke,* 112 *Ga.* 253 (2); *Clark* v. *Havard,* 122 *Ga.* 274.