37212. HOLCOMBE *v.* PARKER.

Decided July 16, 1958.

*James C. Holcombe,* for plaintiff in error.

*Vernon W. Duncan,* contra.

QUILLIAN, Judge. The sole question for determination in this case is whether the trial court's judgment sustaining the demurrers and dismissing the petition was correct.

If the petition in its final form met the requirements of the

act of 1847 (Ga. L. 1847, p. 203) and of Code § 81-101 it was not subject to demurrer. *Henry Darling, Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771, 775 (151 S. E. 518).

The act of 1847 provides that to set forth a cause of action upon an account the petition must allege: the defendant, the resident of a named county, is indebted to the plaintiff so many dollars on an account "as will fully appear by reference to a bill of particulars" annexed to the petition and that the defendant has refused to pay the account. It is, of course, the intention of the statute that the bill of particulars be attached to the petition. The requirements of Code § 81-101 applicable to suits on accounts and other actions are that the petition plainly and fully and distinctly set forth the ground of the complaint. This demand is met when the petition, or the bill of particulars, or both of them "fairly apprize the defendant of the character of the demand, so as to enable him to prepare his defense." *Henry Darling, Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771, supra.

In *Southern Ry. Co.* v. *Grant*, 136 *Ga.* 303, 304 (71 S. E. 422) it is held not necessary that the petition set forth the ground upon which the plaintiff claims the defendant is liable to him on the account upon which the suit is brought.

The petition in the instant case refers to the annexed bill of particulars for information as to the nature of the grounds upon which the plaintiff claims the right to recover on the account sued upon. The bill of particulars is explicit and full. So we reach the conclusion that the plaintiff's case was well pleaded by the petition in its final form, and met the statutory requirements of both the act of 1847 and Code § 81-101.

In making this ruling we have considered the defendant's insistence that the due date of the account sued upon was not shown by the bill of particulars.

In *Busby* v. *Marshall*, 125 *Ga.* 645 (54 S. E. 646), it is held that the averment that the account became due at a particular time is necessary to plead a suit on account under the short form prescribed by the act of 1847. This holding is in conflict with numerous holdings of the Supreme Court exemplified by *Dugas* v. *Hammond*, 130 *Ga.* 87 (60 S. E. 268) in which it is held that no allegations except those required by the act are

necessary to set forth a cause of action on an open account. The act provides that it be alleged that the defendant is indebted to the plaintiff on the account sued upon. This is a declaration that the account is due and no further averment in that respect need be made. The *Busby* case is clearly contrary to the pronouncement of *Bland* v. *Strange*, 52 *Ga.* 93, 94 which it cites as supporting authority. In the *Bland* case on page 95 is the holding: "The common counts in assumpsit are promises upon debts due before that time, but the precise day is not stated usually in assumpsit. In our statutory form all that is required is to state that so much is due upon an account, with a reference to a bill of particulars attached: Code § 3393."

In our opinion the demurrers to the petition raised no valid objection, and the trial court erred in sustaining them.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*