## 39035. FULTON AIR SERVICE, INC. v. LAKE.

418

DECIDED SEPTEMBER 22, 1961.

*William C. Rimmer, Jr.,* for plaintiff in error.

*Charles D. Wheeler, B. W. Crecelius,* contra.

NICHOLS, Judge. ■ The contention is made that the defensive pleadings were filed before the order opening the default and that therefore the plaintiff has a judgment by default and the subsequent proceedings were nugatory. Such contention is without merit. In the case of *Whitsett v. Hester-Bowman Enterprises,* 94 Ga. App. 78 (93 SE2d 788), it was pointed out that a judgment opening a default within fifteen days is no longer necessary and is unauthorized. While, under such decision, a question as to whether the costs have been paid before the pleadings were filed could have been made and decided by the trial

court, such question does not appear from the record to have been raised, and in the absence thereof it must be assumed that the costs were timely paid.

■ The contention is made by the plaintiff that the "law of the case" was established by the original order overruling the defendant's general demurrer and that the final order dismissing the petition was error for such reason. "Where the trial court overrules the general demurrers and sustains certain special demurrers to the petition and allows the plaintiff time within which to amend, and where the plaintiff fails to amend within the time allowed and before a final judgment is entered on the sufficiency of the pleadings, the original order sustaining the special demurrers is not subject to exception or review. *Code* § 81-1001, as amended by the act approved February 15, 1952 (Ga. L. 1952, pp. 243-245). However, where such original order was not in such form that it could be excepted to at the time entered, a final judgment sustaining the general demurrer and dismissing the petition which by its terms shows that it was entered in consequence of the original order will be treated as renewing the judgment sustaining the special demurrers, and where the substance of the ruling on the special demurrers is necessarily incorporated in the ruling on the general demurrer, the error thus incorporated in the final ruling will be subject to review. Accordingly, while the contention of the defendant in error in this case that the original order sustaining the special demurrers is not subject to exception or review is correct (*McCormick v. Johnson*, 213 Ga. 544 (1), 100 SE2d 195; but see, *Jackson v. Jackson*, 214 Ga. 619, 621, 106 SE2d 783), the questions decided by the original order and necessarily involved in a consideration of the final judgment dismissing the petition will be passed on by this court, and if it appears from a consideration of those questions that the original petition was not subject to general demurrer, the plaintiff's election to stand on the original petition will not foreclose his right to an adjudication by this court as to the correctness of the trial court's decision on those questions." *Gowan v. Andrews*, 100 Ga. App. 483 (1) (111 SE2d 640). Accordingly the contention that the law of the case was so established so as to preclude a review by this court is without merit.

■ The "bill of particulars" attached to the plaintiff's petition was not attacked on the ground that the items were not listed in sufficient detail so as to place the defendant on notice of the demand against him or to limit the plaintiff to a particular cause of action, but on the contrary, such demurrers were based on the ground that the "bill of particulars" did not show to whom the merchandise and services were delivered or by whom they were ordered. Accordingly cases exemplified by *Parker Heating Co. v. Minneapolis-Honeywell Regulator Co.*, 102 Ga. App. 27 (115 SE2d 410); and *Kilgore v. Gulf Oil Corp.*, 102 Ga. App. 619 (117 SE2d 199), dealing with the description of the article or services included in the bill of particulars are not applicable to the present case.

In *Holcombe v. Parker*, 98 Ga. App. 17, 19 (104 SE2d 595), it was said: "In *Southern Ry. Co. v. Grant*, 136 Ga. 303, 304 (71 SE 422), it is held not necessary that the petition set forth the ground upon which the plaintiff claims the defendant is liable to him on the account upon which the suit is brought." In the *Southern Ry.* case it was held that if the action on the account was against a corporation and the account was in fact not incurred by the corporation or was incurred by an agent of the corporation not authorized to bind it then no recovery could be had against the corporation. Under these and similar cases such questions are matters of evidence, and the petition in the present case, while not precisely in accord with the Jack Jones form, followed the usual allegations of such form and did not otherwise show facts barring a recovery. The petition was not subject to the defendant's special demurrer, and the judgment sustaining such demurrer, as well as the final judgment of dismissal, was error and must be reversed.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*