42705.   KEMP v. NORTH GEORGIA PETROLEUM COMPANY.

PANNELL, Judge.   A suit on account in substantially the Jack Jones form (Ga. L. 1847, p. 490; *Code Ann. Title* 81, *Book* 23, pp. 2, 3; *Fulton Air Service, Inc. v. Lake,* 104 Ga. App. 417, 420 (121 SE2d 799)) was brought in the Superior Court of Hall County on July 20, 1964, with the prayer for process requiring the defendant to be and appear in the next term to answer, and process was annexed by the clerk requiring the defendant to answer 30 days after service.   The suit and process was served on the defendant July 22, 1964.   A judgment by default in favor of plaintiff against the defendant was signed by the trial judge on September 4, 1964, and filed September 8, 1964.   On the day the judgment was filed, and after the time required by the process for answering and after the expiration of the 15 days within which the automatic default could have been opened by the payment of cost and the filing of an answer (*Code* § 110-401) the defendant then filed an answer.   Subsequently on October 6, 1964, defendant filed a motion to vacate this judgment on the grounds that it was prematurely entered, which motion was sustained on November 24, 1964.   The answer of defendant was then stricken on the grounds it was filed too late and another judgment by default entered against the defendant.   Thereafter a levy was made and claim filed and several garnishments issued and answers of indebtedness filed.   In November, 1965, the defendant filed a petition to set aside this second judgment on the grounds there was no prayer for judgment in the suit on account, that the suit on account contained a defective prayer for process and the process issued was unauthorized and in said petition to set aside the return of service on the suit on account was traversed.   The trial court on December 14 signed an order making certain preliminary findings and rulings, which order was filed December 17, 1965.   In the order dated February 28, 1966, filed March 1, 1966, after stating certain

facts as to the record in said case the trial judge made the following ruling:

"The court concludes that the acts and procedures effected by the plaintiff in this litigation had the same effect as a general appearance and resulted in the waiver by the plaintiff of the defect now complained of. . . Defendant may submit proper motion for summary judgment causing the facts stated above to be properly placed before the court of record in this case and may present summary judgment pursuant thereto and in accordance with the foregoing findings of the court."

Thereafter, on December 16, 1966, without a motion for summary judgment having been filed as to this petition to set aside the second judgment, the plaintiff in the suit on account filed a plea of res judicata thereto based upon the judgment sustaining the prior motion to set aside the first judgment. This plea was sustained by the trial judge on December 30, 1966, and the petition to set aside the second judgment was dismissed. The defendant appeals to this court from this ruling and the only error enumerated is the sustaining of the plea of res judicata and the dismissing of the petition to set aside the second judgment. *Held:*

Whether or not the plea of res judicata should have been sustained and the petition to set aside the second judgment dismissed for that reason, it is not necessary to determine, as the petition to set aside, under the previous rulings of the trial judge which are the law of the case, should have been denied for the reasons given in such order, and the alleged error in sustaining the plea of res judicata and dismissing the petition to set aside the judgment being harmless, if error, the judgment must be affirmed.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED APRIL 4, 1967—DECIDED MAY 25, 1967.

*Robert E. Andrews,* for appellant.

*Hammond Johnson, Jr.,* for appellee.