## THOMAS *v.* BAGLEY & COMPANY.

1. In an action on an unconditional promissory note, a separate agreement signed by special agents of the holder in their individual capacity, and which does not purport to bind the holder, by the terms of which it is stipulated that if at the maturity of the note the maker is unable to pay it he may surrender the life-insurance policy for the premium of which it was given, and cancel the note, is not admissible in evidence to bind the holder.
2. Nor in such a case is it competent to prove, as a part of the res gestæ of the transaction, declarations of the special agents that their representations were made by authority of their principal, these representations having been reduced to writing, and the writing showing on its face that it bound only the agents in their individual capacity.

Argued March 7, — Decided March 29, 1904.

Complaint on note.    Before Judge Reid.    City court of Atlanta.    July 3, 1903.

*Felder & Rountree,* for plaintiff in error, cited 54 L. R. A. 673 ; 66 *Ga.* 286, 367 ; 24 *Ga.* 211 ; 107 *Ga.* 330 ; Civil Code, §§ 3034, 5202 ; 40 Fed. 717 ; 154 Mass. 169 (45 Fed. 314) ; Story, Ag. § 160 a, note p. 205 ; 4 La. 64 ; 70 Md. 356 (17 Atl. 259) ; 1 *Ga.* 418 (44 Am. D. 663) ; Mech. Ag. § 449 ; 105 Ala. 644.

*H. W. Dent* and *M. J. McCord,* contra.

FISH, P. J.    This was a suit on a promissory note for $241.50, brought against W. B. Thomas, as maker, by H. C. Bagley, trading under the name of H. C. Bagley & Co., the payee.    The defendant admitted the execution of the note and his refusal to pay it, and denied his indebtedness thereon.    He averred that the note was given for the first premium on a policy of life-insurance issued to him by the Penn Mutual Life Insurance Company ; that the insurance was solicited by two agents of the plaintiff, Laird and

Nelms, who were desirous of having him take a policy in their
company in order that certain of his employees might be influ-
enced to take policies also; and that at the time they took his
application they entered into a written agreement with him, as
follows: "Atlanta, Ga., January 1st, 1902. This agreement wit-
nesseth that we agree with W. B. Thomas that if his note, given
this day for $241.50, premium on policy No. 200357 in the Penn
Mutual Life Insurance Company, due at six months, is not paid,
or his condition is such that he can not pay same, he may surren-
der said policy and cancel said note. L. J. Laird, T. H. Nelms."
The answer further set up that when the note matured the defend-
ant offered to surrender the policy to the plaintiff, and demanded,
in pursuance of the agreement already set out, that the policy be
accepted and his note canceled. This demand was refused, and
because of the facts set out he denied indebtedness. On the trial
(the execution of the note, as before stated, having been admitted,
and the defendant having assumed the burden of proof) the only
evidence introduced was that of the defendant, which was sub-
stantially in accord with the averments of his plea. The court,
on motion, directed a verdict for the plaintiff for the full amount
sued for. The defendant made a motion for a new trial, which
was overruled, and he excepted.

1. The assignment of error mainly relied on in this court is
based on the refusal of the court to admit in evidence the agree-
ment made by Laird and Nelms with the defendant, which was
set out in the plea and to which we have already referred. It
appears that the first time the existence of this agreement came
to the knowledge of the plaintiff was after the maturity of the
note sued on, and after the policy of insurance for the premium of
which it was given had been in force for six months. It also ap-
pears that Thomas, the defendant, was aware that Laird and Nelms
were special agents, appointed for the sole purpose of soliciting in-
surance and collecting the premiums thereon by taking either
notes or money. No principle of law is better established than
that persons dealing with an agent appointed for a particular pur-
pose are bound to inquire as to the extent of his authority. The
application for insurance, and the policy issued thereon, contained
the terms of the contract between the defendant and the company
for which the plaintiff was general agent. The sayings of neither

of them were admissible to change that contract. The note taken by Laird and Nelms and payable to the plaintiff expressed the contract between the defendant and the plaintiffs, by the terms of which time was given to the defendant for the payment of the first annual premium. The agreement sought to be introduced in evidence, although made contemporaneously with the note, was clearly an individual undertaking on the part of Laird and Nelms, neither of whom was a party to the note sued on. It did not purport to bind the plaintiff in any way, and it was wholly irrelevant on the trial of this case.

2. Nor was it material to inquire how far Bagley as principal was bound by the representations of Laird and Nelms, his special agents; because the agreement made by them is clear and unequivocal, and in no way involves the plaintiff. It does not even purport to have been made by Laird and Nelms as agents of Bagley, but was clearly their own act, done in their individual capacity. If the defendant, who appears to have had the benefit of the life-insurance for the full period represented by the premium for which the note was given, has been damaged in any way, his remedy would seem to be against Laird and Nelms for a breach of their contract. Civil Code, § 3041. The defendant sought to prove by declarations of Laird and Nelms, made prior to the delivery of the policy and the signing of the application, the note, and their private agreement, that in making that agreement they were acting within the scope of their authority as agents of Bagley. There are several good reasons why this evidence was inadmissible. It is well settled that an agency can not be established by proof of declarations of the alleged agent. In this case the declaration as finally made was in writing, and this writing, as has been seen, did not purport to be an agreement in any but their individual capacity. This case is clearly distinguishable from that of Williamson *v.* Tyson, 105 Ala. 644, 17 So. 336, where it was held that declarations of a party assuming to act as agent for another are admissible as res gestæ to establish the agency, where the principal is suing on the contract and thereby ratifying the methods used by the party in securing it. Here all the representations made were reduced to writing, and this writing showed on its face that the agreement in question was the individual act of the parties making it. In order to constitute a ratification it is

necessary that the party should have knowledge of the act that he is ratifying; and in this case it appears that the first intimation the plaintiff had of the separate agreement made by Laird and Nelms was when it was exhibited to the agent who presented the note for collection. If Bagley had accepted the note with knowledge of this separate agreement, though not expressly countenancing it, his conduct might have constituted such a ratification of the means used by Laird and Nelms to secure the note as to prevent him from recovering on it. That, however, is not this case. There is likewise nothing in conflict with this ruling in the case of Andrews v. Robinson (Wis.), 54 L. R. A. 673, where it was held that the holder of a promissory note, taken for him of the maker by an agent upon a condition not disclosed to such holder and outside the scope of the agent's authority, can not repudiate the condition and insist upon holding and enforcing the note; but that he is bound, if he does not intend to abide by the condition, to restore or offer to restore the note within a reasonable time after discovering the facts. It can be seen at a glance, without giving the facts upon which the ruling was based, that the holder of the note had full knowledge of the facts and the circumstances under which his agent obtained the note; and this clearly distinguishes it from the case at bar. We think it is clear that Thomas could not testify to declarations made by Laird and Nelms, which contradicted the written agreement made by them, even though it should be held that their declarations were admissible to bind the plaintiff, as having been made contemporaneously with the execution of the note, and as part of the res gestæ of the transaction involved. See *Abel* v. *Jarratt,* 100 *Ga.* 732; *Holland* v. *VanBeil,* 89 *Ga.* 223; *Harris Co.* v. *Elliott Co.,* 110 *Ga.* 302.

*Judgment affirmed. All the Justices concur.*