## PURSLEY *v.* STAHLEY.

1. Where an agent is guilty of an independent fraud for his own benefit, and to communicate the same would prevent the accomplishment of his fraudulent design, the principal is not charged with notice of such misconduct.
2. A could read and write, but was inexperienced in business. B had been her attorney, and she owed him $50. At his request, and to enable him to raise the money, A agreed to give a note therefor. The agent fraudulently made a note for $500, instead of $50, and procured her to sign it. The note was made payable to X, who had money to lend and who was a client of B. The money was advanced on the note to B, but none was paid over by him to A. *Held*, that the lender was not charged with notice of the agent's fraud.

Argued February 2, — Decided March 7, 1905.

Complaint.     Before Judge Reid.     City court of Atlanta.     April 23, 1904.

On August 17, 1903, Mrs. G. D. Stahley brought suit against Mrs. M. C. Pursley.  The petition alleged, that on March 5, 1894, Mrs. Pursley executed her promissory note for $500, payable to G. D. Stahley or order, due five years after date, with ten interest coupon notes of $20 each; and executed, as security for their payment, a deed to a lot of land in Fulton county; that G. D. Stahley executed a bond to reconvey on payment; that the principal note was not paid at maturity; that G. D. Stahley indorsed on the note an extension for three years, and "this note is assigned, for value received, to Mrs. G. D. Stahley," and that at the time of this transfer Mrs. Pursley executed to Mrs. G. D. Stahley six interest notes for $20 each.     There was a prayer for a judgment for $250 principal, — for a general judgment, and for

a special judgment against the land. The defendant admitted the execution of the original notes, and of the six additional interest notes, but stated that for want of sufficient information she could neither admit nor deny the other allegations in the petition; and thereupon pleaded that she "now knows that she did sign the notes and the deed," but did not know the contents thereof until just before filing her defense, when they were shown to her by Green & Preston, the plaintiff's attorneys, and that she recognized her signature. She averred that she never applied for the loan from the plaintiff or D. G. Stahley, and never borrowed from them, but that the deed and notes were obtained from her by a fraud practiced upon her by one who was at the time, and continued to be until his death at a recent date, the attorney at law and agent of Mrs. G. D. Stahley and of G. D. Stahley; that the defendant owed said agent $50; that said agent said to her that he wanted her to give him a mortgage for the $50; that she was an ignorant woman, and, being ignorant of business matters, did not read any of the papers, but signed them as she was told to do; that he was the agent of the plaintiff and G. D. Stahley at the time the said pretended loan was made, and any money paid out for said notes was not paid to her, but to said person who thus obtained her signature; that she called on him several times to pay him what she owed, but he always declined to receive it, telling her that it was all right, and didn't make any difference. By amendment it was alleged, "that while she can read, she can only understand the simplest language, and, at the time the notes and deeds were executed, was unable to understand their import, and that this ignorance was known to the person procuring the loan. The court sustained the plaintiff's general and special demurrer to this plea, and, after judgment on the notes, the defendant excepted.

*Smith & Wright*, for plaintiff in error.　*J. W. Preston*, contra.

LAMAR, J. (After stating the facts.) The principal is bound by notice to his agent, for the same reason and to the same extent that he is bound by the act of his agent. In both cases it must be limited to matters within the scope of the agency. Notice as to such matters binds the principal, according to some authorities, on the theory that the agent and principal are to be regarded as

one; according to others, on the the the theory that the agent may and should act for his principal on such information; and according to others, because there is a presumption that such notice will be communicated. See *Morris* v. *Georgia Loan Co.*, 109 *Ga.* 24; Civil Code, §§ 3027, 3028. But when the agent departs from the scope of the agency, and begins to act for himself and not for the principal; when his private interest is allowed to outweigh his duty as a representative; when to communicate the information would prevent the accomplishment of his fraudulent scheme, he becomes an opposite party, not an agent. The reason for the rule then ceases. Where, therefore, the agent who is an intermediary is guilty of independent fraud for his own benefit, the law does not impute to the principal notice of such fraud. Instead of being communicated it would be purposely and fraudulently concealed. Instead of the lender being bound by constructive notice, the borrower must be bound by her actual signature to the note for $500.

2. Both parties may be innocent. The defendant, however, put it in the power of a third person to do the wrong, and she must bear the loss. She was endeavoring to arrange to borrow money to pay her own debt. She allowed the creditor to prepare the paper. He represented the borrower as much so as he did the lender. Notice of the fraud could have been as logically imputed to one as to the other. In law he was the agent of neither, but drew the note for the excessive amount for his own personal advantage, and in the commission of an independent· fraud. *Merchants Bank* v. *Demere*, 92 *Ga.* 739; Gunster *v.* Scranton Co., 181 Penn. St. 327; Civil Code, §§ 3940, 3028. On the facts the case is clear. The defendant could read. There was no emergency. She signed a deed and twelve notes. Years afterwards she signed six additional notes relating to the same debt, and at a time when it was not alleged that the agent was present. The judgment must be

*Affirmed. All the Justices concur.*