## LOWE CO. *v.* CENTRAL OF GEORGIA RAILWAY CO.

Section 4130 of the Civil Code, which provides the mode of proof and defense in a suit in a justice's court upon an open account, does not apply to an action for the loss of or damage to personal property by a common carrier, even though the cause of action is set out in detail in a statement attached to the summons and verified by the affidavit of the plaintiff.

Argued June 24, — Decided August 3, 1905.

Certiorari. Before Judge Lumpkin. Fulton superior court. October 18, 1904.

*Moore & Pomeroy*, for plaintiff.

*J. B. Hutcheson*, for defendant.

Fish, P. J. The E. E. Lowe Company brought suit against the Central of Georgia Railway Company, in a justice's court, upon an "account" for the loss of a hay-press and for certain freight over-

charges. A copy of the statement of "account" was attached to the summons and verified by the affidavit of E. E. Lowe. The item in reference to the hay-press was as follows:

"Sept. 23, 1903, 1 hay-press shipped to A. Faber
         Freight prepaid, 9/16,           4.70
         Sharpes, Fla.               29.70."

Annexed to the statement was the following affidavit:

"Personally appeared before me E. E. Lowe, president of the E. E. Lowe Co., who deposes and says the above account is correct, true, and unpaid. This the 16th day of March, 1904.

"J. A. Stauffacher, N. P., Fulton Co., Ga.       E. E. Lowe."

On the day of the trial the plaintiff, without offering evidence, "asked the court for a judgment, and rested the case as made out by the pleadings in said case." The defendant had filed no written defense under oath, and the justice rendered a judgment as requested. The defendant objected to this ruling of the magistrate, for the reason that the affidavit was not sufficient, as it had no jurat and did not recite that it was sworn to before any one and, after the judgment was rendered, carried the case to the superior court by writ of certiorari, still complaining of the insufficiency of the affidavit, and further alleging that section 4130 of the Civil Code, which authorizes a judgment to be taken in a justice's court in a suit upon an open account supported by the written affidavit of the plaintiff without further proof, in the absence of a counter-affidavit by the defendant, does not apply to the present case. The certiorari was sustained and the case sent back to the magistrate for a new trial. To this ruling the plaintiff excepted.

It is not necessary to decide whether or not the affidavit was valid; for, granting that it was, the ruling of the judge of the superior court in sustaining the certiorari was still correct, for the reason that this was not a suit upon an "open account" within the meaning of that term as used in the Civil Code, § 4130. Whether or not a suit for overcharges on freight is a suit upon an "open account" within the meaning of the statute referred to, a claim for the loss of a hay-press certainly is not, it having been held in the case of *Caudell* v. *Southern Railway Co.*, 119 *Ga.* 21, that "section 4130 of the Civil Code, which provides the mode of proof and defense in a suit in a justice's court upon an open

account, does not apply to an 'action for damage and loss or destruction of goods' by a common carrier, although an itemized list of the articles and their values is attached to the summons and sworn to as correct." Counsel for plaintiff, however, contend that, granting that the item in reference to the hay-press was not clearly a proper item in a suit upon an open account, yet it "could have been cleared had defendant demanded a bill of particulars," and this it should have done. But in our opinion it was not incumbent upon the defendant to ask for a bill of particulars. The statement attached to the summons was itself in the nature of a bill of particulars, and the item of the hay-press, as above set out, in connection with the caption, " Central of Georgia Railway Co., Account E. E. Lowe Co.," was on its face a claim against the railway company for the loss of or damage to the article and the freight charges which had been paid for its transportation. We · therefore hold that the judgment of the superior court in setting aside the judgment and remanding the case for a new trial was not error, the judgment of the magistrate not having been authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*