SOUTHERN PRINTERS' SUPPLY COMPANY *v.* FELKER.

LUMPKIN, J. 1. Where suit was brought on an open account for an indebtedness, and on the trial it appeared that there was a written contract between the parties, which was introduced, and the evidence for the plaintiff was to the effect that there had been complete performance by it of its part of the contract and nothing remained to be done but for the defendant to make payment, it was error to grant a nonsuit. *Hancock* v. *Ross*, 18 *Ga.* 364; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594; *Burch* v. *Harrell*, Id. 719; *Johnson* v. *Quin*, 52 *Ga.* 485; *Schmidt* v. *Wambacker*, 62 *Ga.* 321.

2. The case of *Blue* v. *Ford*, 12 *Ga.* 45, has been distinguished from rulings of the character here made, on the ground that the plaintiff had not fully completed his contract. *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 598.

*Judgment reversed. All the Justices concur, except Atkinson, J., who did not preside.*

Submitted December 5, 1905.— Decided March 28, 1906.

Complaint—appeal. Before Judge Russell. Walton superior court. February 23, 1905.

The Southern Printers' Supply Company brought suit in the county court of Walton county against Joseph H. Felker for $38.17, alleged to be due on an open account. The defendant, among other things, pleaded recoupment for $100. The case was carried to the superior court by appeal. The evidence for the plaintiff showed, that there was a written contract between the parties, by which the plaintiff agreed to sell to the defendant certain printing machinery for $1,235, and to send a competent man, on request, to superintend

the setting up of the machinery, his railroad fare and board bill to be paid by the defendant. A man was accordingly sent, at the defendant's request, who erected the machinery, and it was accepted by the defendant as coming up to the representations in the agreement; and he notified an officer of the plaintiff that it had been erected in a satisfactory manner. The defendant paid the board bill, but refused to pay the railroad fare, the amount of which was sued for. The court granted a nonsuit, and the plaintiff excepted.

*Clifford Walker,* for plaintiff.