## 715. GEORGIA, FLORIDA AND ALABAMA RAILWAY CO.
## *v.* SHEPPARD.

A justice of the peace has no power to render judgment by default, without testimony, against the defendant in an action for damages, although the cause of action stated in the summons is verified by the plaintiff's affidavit, and although the defendant, after due service, does not appear or plead.

Certiorari. from Calhoun superior court—Judge Spence.  July 7, 1907.

Submitted November 26,—Decided December 9, 1907.

*L. M. Rambo,* for plaintiff in error.  *Smith & Miller,* contra.

POWELL, J.  Sheppard sued the railway company in a justice's court, for damages on account of the killing of two of his hogs in the running of its train. He verified his cause of action by an affidavit. The defendant was duly served, but failed to appear at the call of the case at the first term. The magistrate thereupon entered a judgment by default, in favor of the plaintiff, for the amount claimed in the summons. The railway company brought the case to the superior court by certiorari, on the ground that the judgment was rendered without any evidence. At the hearing the judge of the superior court overruled the certiorari, and the railway company brings error.

In certain cases in justice's courts, judgment by default may

be rendered upon the pleadings, without further proof. If the suit be an action upon an open account, duly verified by affidavit, the court shall give the plaintiff judgment unless the defendant files a plea likewise verified by written affidavit. Civil Code, §4130. So also, though suit on an unverified account may properly be defended by an unverified plea, yet, in such actions, if the defendant does not appear or plead at all, the magistrate may give judgment by default. *Peeples* v. *Sethness Co.*, 119 *Ga.* 777 (47 S. E. 170); *Parris* v. *Hightower*, 76 *Ga.* 631 (2, *b*). A plaintiff can not, however, avail himself of the privileges of the rule above stated by setting out, in the form of an account, a cause of action, which in fact is not a liability on account, but of some other nature. *Caudell* v. *Southern Ry. Co.*, 119 *Ga.* 21 (45 S. E. 712); *Lowe Co.* v. *Central R. Co.*, 123 *Ga.* 712 (51 S. E. 653). In suits upon unconditional contracts in writing, where the defendant does not appear or plead at the first term, the magistrate should render judgment for the plaintiff without further proof than the writing itself. In other cases the plaintiff must introduce enough testimony to show a prima facie right to recover, before he is entitled to a judgment, although the defendant does not appear or plead. *Maddox* v. *Central Ry. Co.*, 1 *Ga. App.* 46 (4), (57 S. E. 1062). The court, therefore, erred in not sustaining the certiorari.

*Judgment reversed.*