784.   TOWLER, administratrix, *v.* CARITHERS.

1. The courts recognize the initials "N. P." as the usual and ordinary abbreviation for the official title of a notary public.
2. A person holding title under a mortgagor and having notice, actual or constructive, of the existence of the mortgage can acquire no interest in the property adverse to the rights of the mortgagee. A person who obtains the property otherwise than through or under the mortgagor, and holds it in adverse possession for the statutory period, gains thereby a prescriptive title superior to the lien of the mortgage.

Claim, from city court of Monroe—Judge Arnold.   September 9, 1907.

Argued April 21,—Decided July 25, 1908.

*Napier & Cox,* for plaintiff in error.    *G. A. Johns,* contra.

POWELL, J.   In 1891 one Sturdivant mortgaged the mule in controversy to Carithers, the defendant in error.   The mortgage was attested by "C. W. Harris, N. P.," and duly recorded.   In 1896 Towler bought this mule from the firm of Nunnally, Breedlove & Company without any notice of the mortgage, other than the constructive notice arising from its having been recorded.   Towler remained in adverse possession of the mule until the foreclosure of the mortgage in 1906; to which foreclosure he filed claim.   The judgment in the city court was adverse to him, and he excepted; though the case is now proceeding in the name of his administratrix, he having died during the pendency of the case in this court.   It did not appear, in the evidence, that Nunnally, Breedlove & Co., from whom Towler purchased, claimed title through or under Sturdivant; indeed it is not disclosed how they obtained the property.

1.   One of the exceptions is that the court erred in admitting in evidence Carithers' mortgage, over the objection that it was not properly attested.   The court will take judicial cognizance that the initials "N. P." are the usual and ordinary abbreviation of the title "Notary Public."   The presumption, therefore, is that this officer acted legally, and that the probate is legal.   See also Civil Code, § 5221.

2.   A person holding title under the mortgagor and having notice, actual or constructive, of the existence of the mortgage can acquire no interest adverse to the mortgagee.   A person acquiring the property otherwise than through or under the mortgagor, and holding it in adverse possession for the statutory period, gains thereby a prescriptive title superior to the lien of the mortgage.   This is logical and is also thoroughly in accord with the following authorities.   *Fry* v. *Shehee,* 55 *Ga.* 208; *Stokes* v. *Maxwell,* 53 *Ga.* 638; *Parker* v. *Jones,* 57 *Ga.* 204.   It not appearing that the claimant was in privity with the mortgagor, and it appearing that he had been in adverse possession of the property for more than four years prior to the foreclosure of the mortgage, he was entitled to prevail.

*Judgment reversed.*