BLUE RIDGE LUMBER COMPANY *v.* GREENWOOD *et al.*

HOLDEN, J. The petition alleged that the defendants were indebted to the plaintiff in a named sum "upon an account, a copy of which is hereto attached . . and made a part hereof." In the copy of account attached to the petition, it was stated that the defendants were indebted to the plaintiff in certain amounts for material, supplies, and labor furnished by the plaintiff, "as directed to be done and agreed upon by said Greenwood and Martin [defendants] and for them, in constructing the depot at Rabun Gap, Ga.," and in certain sums for other expenses paid by the plaintiff, which were alleged to have been "directed to be done and agreed upon by" the defendants. *Held:*

1. Upon the trial the plaintiff having introduced a written agreement between plaintiff, the defendants, and others, wherein defendants agreed to pay the plaintiff for the material, supplies, labor, expenses, and work referred to in the account, and having introduced evidence that the plaintiff had complied with its part of the agreement, it was error to grant a nonsuit. *Southern Printers' Supply Co.* v. *Felker,* 125 *Ga.* 148 (54 S. E. 193).

2. An amendment offered and disallowed is no part of the record, and
an exception to the refusal of the court to allow such amendment can
not be considered when neither a copy of the proposed amendment,
nor the substance of its contents, appears in the bill of exceptions, or
is attached thereto as an exhibit properly identified. *McGarry* v. *Seiz*,
129 *Ga.* 296 (58 S. E. 856).

> *Judgment reversed. All the Justices concur.*
> APRIL 14, 1911.

Complaint. Before Judge Kimsey. Rabun superior court. Feb-
ruary 28, 1910.

*T. L. Bynum* and *R. E. A. Hamby,* for plaintiff.