### 4244. CRAWLEY v. WATT-HOLMES HARDWARE CO.

RUSSELL, J. 1. The court did not err in overruling the demurrer to the petition as amended, even though the amendment was inconsistent with some paragraphs of the petition as originally drawn.

2. The evidence upon the point of agency was conflicting; but, giving full verity to the testimony for the plaintiff on that subject, as the jury did, the testimony is not subject to the construction that the defendant gave to her husband an agency so extensive as to enable him to alter or abrogate the contract that she had already made with the plaintiff. The agency must be construed as being limited by the provisions of the contract which restricted the total cost of the house in question to $3,300. The plaintiff did not show that this contract price of the house had not been paid in full; and if it was paid, the defendant can not be held liable for the purchase-price of articles which it may have been necessary for the contractor to use in order to complete the house according to the contract, unless the defendant, as owner of the house, either expressly assented to modifications of the contract which imposed upon her liability for a larger amount, or expressly authorized her agent so to do. Authority to an agent to execute in behalf of the principal a definite, specified contract does not, without more, imply or include authority in the agent to enter into independent contracts, even though the subject-matter of the later contract be related to, or the same as, that of the contract in the execution of which the agent was empowered to act for his principal.

3. The above is peculiarly applicable where it appears, as in the present case, that the party who furnished material and supplies for the building knew the provisions of the contract under which material and supplies were furnished. *Judgment reversed.*

DECIDED FEBRUARY 11, 1913.

Complaint; from city court of Fitzgerald—Judge Wall. May 6, 1912.

Watt & Holmes Hardware Company sued Mrs. C. E. Crawley for $222.89, alleged to be a balance due on an open account. The petition alleged, in substance, that on March 23, 1907, the plaintiff contracted to furnish to C. T. Melvin goods amounting to $403, which Melvin used in erecting for the defendant an apartment house on a designated lot belonging to her; that during the time the items were being furnished to Melvin under that contract, the plaintiff furnished to him other items that went into the erection of the house, amounting to $279.55 (less goods returned, amounting to $6.90), and that while these additional items were being furnished to Melvin, the defendant knew this fact, and knew that these items were "compelled to be furnished to her said contractor to build and complete her said apartment house;" that her husband, C. E. Crawley, was her agent, and ordered verbally

himself at least half or more of the items in the account that were charged to Melvin and which were used in the erection of the house; that after the plaintiff had furnished all the items in the account of $279.55 (which account is attached to the petition as exhibit A), it became necessary for other and.extra goods to be furnished to build the said house, and they were furnished and used in the building and were charged to C. E. Crawley himself, and were ordered by him as agent of the defendant, and he had a right to buy them as her agent; that these items are set out in the account attached to the petition as exhibit B; that while all the goods in these two accounts were not charged directly to the defendant, the plaintiff knew when it consented to furnish these items that the defendant was the owner of the land on which the house was to be erected, and that C. E. Crawley, in making the original contract for the goods to be furnished, and in the purchase of the extra goods, was her agent; and she knew that the goods under the contract she had made through him with Melvin to erect the house were necessary to build it, and that the goods charged in the accounts against Melvin and C. E. Crawley had to be furnished; that she and her husband knew of the goods that were being thus furnished and charged, and she knew that the plaintiff was looking to her for payment of the items of these two accounts; that the plaintiff knew that C E. Crawley was the general agent of his wife in the erection of the building, and had authority to represent her in ordering the goods and in having them used as they were in the erection of the building, and that she knew that these accounts were being made and that she was to pay them; that she knew the manner in which the accounts were being kept separate; that she knew that the original contract of $400, as made between her and Melvin, would require more things of the same kind to complete her building than were included in the original contract, and she required her said husband and agent to buy from the plaintiff all the goods mentioned; that at the times mentioned in the petition C. E. Crawley was the general agent of the defendant and was fully authorized to act for her as he is herein alleged to have acted.

By amendment the plaintiff struck from the petition a prayer for a special judgment against the property described, and added a paragraph as follows: "All of the goods described in the accounts referred to in the petition or attached thereto were sold to the

said Mrs. C. E. Crawley through her authorized agents, and solely on the credit of the said Mrs. Crawley, and the said Mrs. Crawley received the said goods and made use of them, and had the benefit of the same, and has not paid for the same."

The defendant demurred generally and specially, both to the original petition and to the petition as amended. The demurrer was overruled. The trial resulted in a verdict against the defendant, for the amount sued for; and she moved for a new trial, on the grounds that the verdict was contrary to law and to the evidence, and that the court erred in certain instructions to the jury. The motion was overruled. Exception was taken to each of the rulings stated.

*Elkins & Wall,* for plaintiff in error.  *Haygood & Cutts,* contra.