6216.   LUMBER INSURANCE COMPANY OF NEW YORK
           v. HENDERSON LUMBER COMPANY.

It is not reversible error to direct a verdict if no other finding than that
    directed can legally be reached or sustained. *Davis* v. *Kirkland*, 1 *Ga.
    App.* 5 (58 S. E. 209). In the present case, the evidence introduced, with
    all reasonable inferences and deductions therefrom, demanded the verdict
    which was directed.

DECIDED SEPTEMBER 3, 1915.

Complaint; from city court of Irwin county—Judge Newbern.
November 11, 1914.

*R. M. Bryson, H. E. Oxford,* for plaintiff.

*H. J. Quincey,* for defendant.

RUSSELL, C. J.   The Lumber Insurance Company sued for the
earned premium on a policy of insurance which it had cancelled.
It excepts to the direction of a verdict for the defendant.   The
suit was upon open account, and the burden was upon the plaintiff
to show that there had been a contract between itself and the de-
fendant as a basis of the indebtedness.   The plaintiff put in evi-
dence a contract of insurance, and the proof showed that the policy
had been in the possession of the defendant.   This proved that the
policy of insurance had been issued, but, in view of the uncontra-
dicted evidence in behalf of the defendant, it proved nothing more
than this.   It did not prove that the issuance of the policy was re-
quested by the defendant, or that the policy, with its benefits, was
accepted by the defendant.   Before the plaintiff could impose upon
the defendant an indebtedness for the premium, or charge for the
protection afforded by the policy, it would have to show that the
defendant agreed to take the policy.   Otherwise an insurance
company, by merely issuing policies and distributing them by mail,
could impose liability for insurance which had not been requested.
As appears from the record, the headquarters of the plaintiff is in
New York City.   There is no evidence that the Henderson Lumber
Company, or any person authorized to act for it, wrote to the
plaintiff.   The application for insurance, according to the plain-
tiff's testimony, came through Douglas Brothers, as insurance
brokers, and there is no evidence to show that Douglas Brothers
represented Henderson Lumber Company, or were known to it, or
ever had any communication from it.   So that the plaintiff's case
showed nothing more than that a representative of Douglas Broth-

ers, of No. 1 Liberty street, New York, made application for a policy of insurance for $7,500 on the plant of the defendant. There is no evidence that Douglas Brothers ever sent the policy to the defendant, and nothing whatever to indicate that Douglas Brothers were empowered to act as the defendant's agents. It seems that the defendant received the policy, but, in the absence of any other explanation than that given by the defendant, it must be assumed that the policy was not unconditionally accepted. In fact, so far from being an unconditional acceptance, it appears that the defendant took the policy into its possession only upon the express condition that if the contract was approved by its attorney, the policy would be accepted. The fact that the policy was received by the defendant was shown only by this testimony, and, coupled with the acknowledgment that the paper reached the defendant, is the uncontradicted statement of the defendant's secretary and treasurer and of its attorney that the policy was one of several anticipatory contracts of insurance, aggregating several thousand dollars, which were submitted by one Lowther, subject to acceptance or rejection by the Henderson Lumber Company, according as its attorney should advise that all of the contracts afforded good insurance. According to the uncontradicted testimony, the attorney advised his client that the insurance was not good. According to the uncontradicted evidence, therefore, the policy was merely submitted for examination in accordance with the agreement with Lowther, and was rejected as unsatisfactory. It is true that the plaintiff denied that Lowther was its agent, and denied his right to make the agreement that the policies be subject to examination, and it is, of course, well settled that persons dealing with an agent appointed for a particular purpose are bound to inquire as to the extent of the authority of such agent. If the plaintiff had admitted that Lowther was its agent, it might have been in position to rely upon the rulings in *Collins* v. *Toole*, 3 *Ga. App.* 238 (59 S. E. 727), and *Thomas* v. *Bagley*, 119 *Ga.* 778 (47 S. E. 177). If there had been proof that Douglas Brothers were agents of the Henderson Lumber Company in procuring the insurance, the plaintiff might have been entitled to recover. But when the plaintiff positively asserted that Lowther was not in any sense its agent, it cut itself off from any connection with the defendant in the making of the contract;

for, as already stated, it does not appear that the defendant ever applied for the insurance itself or asked Douglas Brothers to do so. The decisions which hold that where one receives a policy of insurance and retains it he may be liable for the premium are not in point, for the reason that, under the uncontradicted testimony in this case, the defendant never received the policy or claimed any benefit under it, and the policy was sent to the defendant merely for the purpose of submitting it to the defendant's attorney, who declined to recommend it. The testimony as to its being issued and sent out merely for examination was not parol evidence varying the terms of the contract of insurance. The evidence on this point was illustrative of whether the defendant purchased the contract as written, or had ever entered into it by accepting the policy. Even if the testimony as to the negotiations with Lowther should have been rejected, the plaintiff's case failed, because it was not shown that the plaintiff ever applied for the insurance.

*Judgment affirmed.*