8532, 8584. SHEDD *v.* STANDARD SEWING MACHINE CO.

1. "Authority to an agent to execute, in behalf of the principal, a definite, specified contract does not, without more, imply or include authority in the agent to enter into independent contracts, even though the subject-matter of the latter contract be related to, or the same as, that of the contract in the execution of which the agent was empowered to act for his principal."

2. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded."

DECIDED DECEMBER 11, 1917.

Complaint; from Wayne superior court—Judge Highsmith. January 29, 1917.

*Gibbs & Turner, Parker & Parker,* for plaintiff in error.

*Franklin & Langdale, James R. Thomas,* contra.

BLOODWORTH, J.  The Standard Sewing Machine Company ·brought suit against R. B. Shedd on open account for certain sewing machines and sewing-machine fixtures. Defendant denied indebtedness, and filed a plea in which he alleged that the order for these goods was secured through fraud, and also a plea of rescission. After the evidence was in, the court directed a verdict for the plaintiff, and the defendant excepted.

1. The 4th ground of the motion for new trial complains that the court erred in excluding from the jury a certain agreement between "W. T. Cooper, Mgr. Ga. & Fla.," and R. B. Shedd; said agreement being as follows: "In consideration of R. B. Shedd, of Jesup, Ga., buying 30 Standard Sewing Machines of the Standard Sewing Machine Company, of Cleveland, Ohio, as per their original order and duplicate given this day, I do hereby agree to send my own salesman and guarantee to sell said machines for him, for a commission of $8.00 per sale. Also agree to make an average of $52.50 on the style of machine sold him on the time basis. The said R. B. Shedd is to furnish a horse and wagon for the purpose of [selling?] said machines, and keep and feed said horse and wagon at all times. Signed in duplicate. W. T. Cooper, Mgr. Ga. & Fla. R. B. Shedd." The court properly rejected this agreement. For the goods purchased the defendant signed a written contract which contained the following stipulation: "Please ship at once the following sewing machines, for which we agree to pay according to prices, terms, and conditions given herein, subject to your approval. . . The above is an exact statement of the terms agreed upon as per your order above; and it is fully understood and agreed that no claims or demands on account of any promise, either verbal or written, or any agreement of any kind whatever, outside of this order, will or can be made; the undersigned agreeing to be bound strictly by the terms and conditions above named, and not to countermand this order. Purchaser is requested to read this order carefully." This order, signed "W. T. Cooper" and "R. B. Shedd," was mailed to the plaintiff, approved, and the goods shipped in accordance therewith. It will be noted that the original order signed by Shedd and Cooper, and forwarded to the company, was subject to approval by the latter, and the purchaser expressly agreed "to be bound strictly by the terms and conditions" of the

contract, the same stating that "no claims or demands on account of any terms either verbal or written, or any agreement of any kind whatever outside of this order, will or can be made." These words in the order put the purchaser on notice of the limited agency of the salesman, and that the sale must be approved by the company. The evidence shows that the paper signed by Shedd and by "W. T. Cooper, Mgr. for Ga. & Fla.," which was rejected as evidence, is an agreement between these two persons to which the company is not a party, and for which it is in no way liable, the evidence showing it was made without the knowledge or authority of the company, and was never ratified by it. "Authority to an agent to execute, in behalf of the principal, a definite, specified contract does not, without more, imply or include authority in the agent to enter into independent contracts, even though the subject-matter of the latter contract be related to, or the same as, that of the contract in the execution of which the agent was empowered to act for his principal." *Crawley* v. *Watt-Holmes Hardware Co.,* 12 *Ga. App.* 367 (77 S. E. 106). Granting that Shedd's testimony is true, the terms of the original contract, quoted above, put the purchaser on notice of the limited agency of the salesman, and that the company would not be bound by any agreement, either verbal or written, sought to be made outside the terms and conditions named in the contract. There is no contention that Shedd was ignorant of the contents of the order when he signed it. The terms of the order were plain and unambiguous; "and these words, staring the defendant in the face at the time of entering into the contract, were a caution and a warning that the agent—a mere salesman—had no authority to make stipulations other than those contained in the instrument itself." *Biggers* v. *Equitable Manufacturing Co.,* 124 *Ga.* 1049 (53 S. E. 674); *Hutson* v. *Prudential Insurance Co.,* 122 *Ga.* 847 (50 S. E. 1000); *Butler* v. *Standard Guaranty & Trust Co.,* 122 *Ga.* 371 (50 S. E. 132); *Thomas* v. *Bagley,* 119 *Ga.* 778 (47 S. E. 177); *Findlay Brick Co.* v. *American Sewer Pipe Co.,* 18 *Ga. App.* 446 (89 S. E. 535); *Seaboard Air-Line Ry.* v. *Sikes,* 4 *Ga. App.* 7 (5) (60 S. E. 868); *Pursley* v. *Stahley,* 122 *Ga.* 362 (50 S. E. 139).

As noted above, the paper signed by Shedd and by Cooper, "Mgr. for Ga. & Fla.," was never sent to the company, and they knew nothing of it before this suit was brought; and therefore

there could be no ratification by the company of this act of the salesman. In *Ludden & Bates Southern Music House* v. *McDonald,* 117 *Ga.* 60 (43 S. E. 425), the headnote is as follows: "In order to sustain the defense pleaded in this case, it was necessary to show that the plaintiff ratified a previously unauthorized act of its agent. As is well settled, it is essential that such ratification, to be binding on the principal, must be made with full knowledge on his part of all the material facts relating to the act in question. There being no evidence upon the trial warranting a finding that the plaintiff had any knowledge of the act of the agent upon which the defense was based, the verdict for the defendant was without evidence to support it, and the court erred in not granting a new trial." See *Hardeman* v. *Ford,* 12 *Ga.* 205; *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (4*d*), 688 (10 S. E. 211).

2. The court properly directed a verdict for the plaintiff. After the agreement between "W. T. Cooper, Mgr. Ga. & Fla." and R. B. Shedd was excluded from the evidence, and properly so, there was nothing to support the plea of fraud in the procurement of the contract, and, as shown above, the evidence was insufficient to authorize a rescission of the contract. Nor was the directing of a verdict for the plaintiff contrary to the evidence and erroneous because, "having elected to sue upon the open account," the defendant in error "can not recover upon a written contract." In an opinion written by Mr. Justice Lumpkin in the case of *Alabama Construction Co.* v. *Continental Car &c. Co.,* 131 *Ga.* 365, 369 (62 S. E. 160), we find the following: "It is too well settled in this State to be discussed as an open question, that, though there may have been a written contract for the sale of personalty, yet, where suit was brought on an open account for the amount claimed to be due, and the evidence for the plaintiff was to the effect that it had fully complied with its contract, and nothing remained to be done but the making of a money payment by the defendant, a nonsuit was properly refused. *Southern Printers Supply Co.* v. *Felker,* 125 *Ga.* 148 (54 S. E. 193)." See also *Blue Ridge Lumber Co.* v. *Greenwood,* 136 *Ga.* 224 (71 S. E. 135); *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594, 598, 599 (20 S. E. 44); *Schmidt* v. *Wambacker,* 62 *Ga.* 321; *Hill* v. *Balkcom,* 79 *Ga.* 444 (5 S. E. 200).

"The mere fact that there are conflicts in the testimony does

not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded. *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559" (35 S. E. 777); *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914).

Judgment affirmed on main bill of exceptions. Cross-bill dismissed. *Broyles, P. J.,* and *Harwell, J.,* concur.