19734.   HENRY DARLING INC. *v.* HARVEY-GIVEN CO.

772

DECIDED JANUARY 23, 1930.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Wright, Wright & Covinglon,* contra.

BELL, J. (After stating the foregoing facts.) One of the questions raised by the general grounds of the demurrer concerns the plaintiff's right to sue on the account. It is argued that the petition discloses upon its face that the plaintiff is seeking to recover the premiums on insurance policies written by various companies toward which the plaintiff occupied only the relation of agent, if even that, and that since there are no special allegations to show a right of action in the plaintiff, the necessary inference is that the liability of the defendant, if existing, is a liability to the insurance companies which issued the policies, and not to some other person as the plaintiff, who sues for insurance delivered to and accepted by the defendant in the form of policies written by such companies.

We do not think that there is any merit in this contention. Nothing is better settled, of course, than that an agent has no right of action on contracts made for his principal except in specific instances (Civil Code of 1910, § 3609) ; but this principle does not necessarily have application in the present case, and can not be invoked by demurrer, in view of the form of the action and the allegations made therein. This is a suit on account, and only slight averments are necessary to state a cause of action. It is sufficient to allege that the defendant is indebted to the plaintiff in a stated amount on an account, and to annex to the petition a copy of the account duly itemized. *Talbolton R. Co.* v. *Gibson,* 106 *Ga.* 229 (2) (32 S. E. 151) ; *McLendon* v. *Hernando Phosphate*

*Co.,* 100 *Ga.* 219 (28 S. E. 152). This form of action was authorized by the act of 1847 (Ga. L. 1847, p. 203), and has been in common use to the present time, although the prescribed or suggested form is not now carried in the code as was formerly the case. See Code of 1863, § 3304; Code of 1868, § 3316; Codes of 1873 and 1882, § 3393.

The declaration will be sufficient if it pursues the form prescribed by the statute, and no additional averments are necessary to let in the proof essential to a recovery. *Hotchkiss* v. *Newton,* 10 *Ga.* 560, 566; *Cameron* v. *Moore,* 10 *Ga.* 368; *Bland* v. *Strange,* 52 *Ga.* 94; *Johnson* v. *Quin,* 52 *Ga.* 485. If a want of liability is not affirmatively disclosed either in the body of the petition or in such exhibit, an action so brought will be good against general demurrer. *Caudell* v. *Southern Ry. Co.,* 119 *Ga.* 21 (45 S. E. 712); *Lowe* v. *Central of Georgia Ry. Co.,* 123 *Ga.* 712 (51 S. E. 653).

In *Southern Ry. Co.* v. *Grant,* 136 *Ga.* 303, 304 (71 S. E. 422, Ann. Cas. 1912C, 472), the Supreme Court held as follows: "The plaintiff had the right to bring the suit upon an account, attaching to his petition a bill of particulars or statement of the account, and to recover upon proof of an express or implied promise to pay the same. If, as in this case, the account be against a corporation, and it was not in fact incurred by it, or was incurred by one of its agents not authorized to bind it in that regard, there can be no recovery. If the account was incurred by some agent authorized to bind the corporation, but not its agent to make payment, it would be the duty of the agent to notify the proper authorities of the corporation to discharge it; and if the agent failed to so notify them, they would nevertheless be charged with knowledge of its existence, knowledge of the acts of an agent within the scope of his authority being in law imputed to his principal. Under either view, the corporation can not require more specific pleading in a suit against it of this character than would be required of a plaintiff bringing a like suit against an individual defendant. It was necessary to set forth in the petition the grounds upon which the plaintiff claimed the defendant was liable to him on the account upon which the suit was brought."

The petition in this case set forth a cause of action and, hence, was not subject to the general grounds of the demurrer interposed.

■ The special grounds of the demurrer raise the question of whether the petition plainly, fully, and distinctly set forth the cause of action relied on. The decisions which hold that accounts must be itemized do not go beyond the provisions of the Code to the effect that the plaintiff in his petition shall plainly, fully, and distinctly set forth the ground of his complaint. Civil Code (1910), § 5538. In a suit upon an account a bill of particulars must be attached (Civil Code of 1910, § 5541); but as to itemization, it is enough to state the account with such fullness and specification as will confine the plaintiff to a particular cause of action, and fairly apprize the defendant of the character of the demand, so as to enable him to prepare his defense. *Walker* v. *Industrial Stores Co.*, 37 *Ga. App.* 448 (2) (140 S. E. 519). "Unnecessarily minute and detailed statements are not required." *Louisville & Nashville R. Co.* v. *Barnwell*, 131 *Ga.* 791 (4) (63 S. E. 501).

Courts will take judicial cognizance of abbreviations, characters, and symbols customarily employed in the jurisdiction as a means of expression and communication. *Towler* v. *Carithers*, 4 *Ga. App.* 517 (61 S. E. 1132); *Becker* v. *Humphries*, 34 *Ga. App.* 644, 646 (130 S. E. 379); 1 C. J. 276; 23 C. J. 125. Referring to the first section of the account attached to the instant petition, and remembering that the suit is to recover the price or value of insurance furnished, it is evident that the items there stated are for insurance against some kind of "elevator liability." The figures "10-6-23 to 10-6-24," in the first line, apparently mean "October 6, 1923, to October 6, 1924." This court knows without proof that dates are often expressed in this manner. "Pol" might be an abbreviation for a number of words, and, standing alone, would be ambiguous and uncertain, but in view of the fact that the suit is to recover for insurance furnished to and accepted by the defendant, we have no hesitancy in assuming that the word "policy" was intended. Again, presumably the letter "L" and the figures which immediately follow represent the serial number of the policy, and the figures at the end of the line constitute a statement of the amount charged. Irrespective of whether we should know judicially and without evidence the significance of the words "Globe Indemnity," we think the first item of the account is stated with sufficient particularity by the figures and the other language used,

778

and, hence, that the words last quoted may be disregarded as unnecessary. By this rule every item of the account is sufficiently set forth and, thus, a good bill of particulars is attached to the petition.

The amendment to the petition showing that "the insurance policies" were delivered to the defendant sheds light upon the entire account and removes any doubt as to its meaning.

Whether, under the authorities cited in the first division, it was at all necessary for the plaintiff to allege that the policies were delivered to any particular officer of the defendant corporation, the amendment was sufficient to meet any legal requirement in this respect. The petition was not subject to special demurrer because the names of the officers were not given. *Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 664 (2) (50 S. E. 468) ; *Georgia Engineering &c. Co.* v. *Horton*, 135 *Ga.* 58 (2) (68 S. E. 794) ; *Atlanta Ice & Coal Co.* v. *Reeves*, 136 *Ga.* 294 (3) (71 S. E. 421, 36 L. R. A. (N. S.) 1112) ; *Southern Express Co.* v. *Cowan*, 12 *Ga. App.* 318 (2) (77 S. E. 208). There was no merit in any of the special grounds of the demurrer.

■ It appeared, from the evidence, that the plaintiff was an agent or sub-agent of a number of insurance companies, and that he procured policies of various kinds, as set forth in the petition, to be written by the insurers and delivered to the defendant, covering a period of several years. The evidence authorized the inference that the defendant, through its general manager, accepted these policies and received the protection afforded thereby, and also that the account was correct as to the amounts charged, with the exception of a credit of $100 which should have been allowed to the defendant, and which was allowed in the court's judgment.

In passing upon the question of whether the court's finding was authorized by the evidence, it is necessary to consider again the contention of counsel for the plaintiff in error, that the plaintiff has no right of recovery, but that the liability, if any, is in favor of the insurance companies which issued the policies respectively. The evidence authorized the inference that the plaintiff settled with the several insurers by paying the premiums, the amount of which he is now seeking in turn to collect from the defendant. The trial judge, exercising the function of a jury, could also have found, from the evidence, that the parties intended such action on the part of

the plaintiff and a reimbursement by the defendant. The plaintiff in thus paying the amount of the premiums to the several companies was not a volunteer, and was entitled to recover the amounts back from the defendant. In these circumstances, the right of recovery was in the plaintiff and not in the insurance companies. See, in this connection, Civil Code (1910), § 5513; 33 C. J. 67, and cases cited.

The evidence fully warranted the finding and judgment in favor of the plaintiff.

■ By way of a partial defense the defendant attempted to show, in reduction of the plaintiff's demand, that the account included overcharges as to certain premiums. For this purpose the defendant offered to prove, by a witness acquainted with insurance rates, "that the only rate in effect that would apply on the policy of insurance at that time, and if applied at the time this insurance was taken out, would have three separate and distinct classifications, one for the executives and office force, one for the salesmen, and one for the mechanics in the garage; and if the rate for the office force and executives was 6 cents, and if the rate for salesmen was 30 cents, and the rate for mechanics $1.35, those rates would apply under the workmen's compensation policies; and that under the garage liability the rate for injury was 54 cents and the property damage rate was 30 cents." The court refused to allow the testimony, and this ruling is assigned as error.

We have carefully considered the several theories advanced by the plaintiff to sustain the action of the court in excluding this evidence. We can not agree that the suit was necessarily upon an express contract. This being a suit upon an account, the plaintiff could have relied upon evidence which established either an implied agreement or (subject to certain conditions) an express agreement. *Blue Ridge Lumber Co.* v. *Greenwood,* 136 *Ga.* 224 (71 S. E. 135); *Southern Printers' Supply Co.* v. *Felker,* 125 *Ga.* 148 (54 S. E. 193); *Chatham Abattoir Co.* v. *Painter Engineering Co.,* 28 *Ga. App.* 383 (111 S. E. 82). There was evidence from which the court might perhaps have inferred an express agreement as the basis of the plaintiff's cause of action, but under conflicting testimony it was equally inferable that the right of recovery depended upon an implied agreement. The petition did not affirmatively show an express contract between the parties to the

action. Thus, the case could have turned upon the question of what were the reasonable and proper rates for the insurance; and under this theory the plaintiff ought not to recover on the basis of higher rates, even though he may have paid the insurers at the rates charged.

From the other facts in evidence we are able to discern the meaning of the last clause of the proffered testimony to the effect that under the garage liability "the rate for injury was 54 cents and the property damage rate was 30 cents." It appears from the record that the meaning of this evidence is that under several policies an aggregate of 84 cents for each $100 of the defendant's payroll should be charged, and the amount of the payrolls is shown in the evidence. Whether the rate which the defendant sought to prove was the correct rate it would be improper for this court to say, but under the proffered evidence the trial court could have found the fact in favor of the defendant.

If the defendant's contention is correct upon this question, the plaintiff has made excessive charges in three instances to be presently stated. We are thus of the opinion that the court erred in rejecting the evidence, and we can therefore affirm the judgment only upon condition that the plaintiff will, at the time the remittitur from this court is made the judgment of the court below, write off from the recovery what could have been found to be excessive charges, amounting in the aggregate to $198.91 as principal and $52.89 as interest, and consisting of the following items: On policy No. 407121, principal $111.44, interest $37.18; on policy No. 408778, principal $61.57, interest $10.83; on policy No. 409393, principal $25.90, interest $4.88. (Policy No. 408778 is referred to in two places in the account. Our conclusion as to the excess charge with respect to this policy has to do with the second policy designated by this number.)

Under the record, the proffered evidence as to the rate of 84 cents could not have been applied to any other policy so as to reduce the premium below the amounts charged in the plaintiff's petition. The defendant in seeking to bring about a reduction of the plaintiff's demand had the burden of giving sufficient data for calculation upon the subject, and this is not found in the record as to any other policy than the three which we have mentioned. The other portions of the testimony the exclusion of which is assigned as error

were so uncertain and hypothetical as to be incapable of establishing any fact or authorizing any particular inference, and, hence, the rejection of the same should not be held to affect the judgment. If the plaintiff elects to write off the amounts above referred to, the judgment is affirmed; otherwise the judgment is reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*