## 32264. CHARLES S. JACOBOWITZ COMPANY *v.* FERGUSON.

DECIDED JANUARY 21, 1949. REHEARING DENIED FEBRUARY 11, 1949.

*Walter A. Sims, Joseph S. Crespi*, for plaintiff.
*Candler, Cox & McClain*, for defendant.

PARKER, J. ■ The controlling question is whether the verdict directed for the defendant was demanded under the evidence, with all reasonable deductions or inferences therefrom, and the case turns on the evidence. The stipulation and the letters introduced in evidence show these facts: The plaintiffs, after negotiating with the defendant from sometime in July, 1946, after the property was advertised for sale, sent a written order to the defendant dated October 2, 1946, offering to purchase the property at $11,500 and providing under "shipping instructions" as follows: "It is agreed equipment can remain at the Coca-Cola Bottling plant, Leesburg, Fla., for a reasonable length of time, not to exceed four weeks." With this order a check for $1000 on the purchase price was sent. On October 3, another check for $3000 as a deposit on the purchase order was sent by the plaintiffs to the defendant. On October 7, the defendant wrote two letters acknowledging receipt of the checks as part payment on the machinery, which was then in use at Leesburg, Florida, one of which stated that "said machinery to be made available when replaced by new equipment," and that it would constitute a sales contract between the buyer and the seller on acceptance of

the terms outlined therein. The other letter stated: "I am holding these checks until I receive your wire confirming the terms." In a reply letter from the plaintiffs to the defendant dated October 10, 1946, it was stated that "it is understood that the equipment we have purchased from you will be released to us when it is replaced by new equipment," and "You can deposit both of the checks which you have."

It appears that both parties learned, shortly after this correspondence, that the delivery of the new machinery to replace the machinery sold by the defendant to the plaintiffs would be delayed beyond the expectation of both parties, and this situation was discussed in further correspondence between the parties. On October 29, the defendant wrote the plaintiffs with reference to the delay which then seemed apparent, and made this statement: "If I can resell this equipment to some of the other prospects, do you want to drop the whole deal?" On November 1, 1946, the plaintiffs replied to that letter, and specifically to the suggestion that the whole deal be dropped, by saying "Of course, we do not want to back out of the deal that we have made. We will take our chances that when the equipment is ready for shipment we will be able to find a customer who will pay us a slight profit on the transaction."

We think it is clear from the evidence that the plaintiffs knew the property was used machinery and equipment, and was then in use at Leesburg, Florida, and could not be delivered immediately, and stipulated in the first instance in the order that it must be delivered within a reasonable time, not to exceed four weeks; and thereafter, the defendant made a counter proposition of sale stipulating as to delivery that said machinery was to be made available when replaced by new equipment; which counteroffer was accepted by the plaintiffs; and later on when the matter of delay beyond the contemplation of both parties was apparent the defendant suggested his willingness to "drop the whole deal," whereupon the plaintiffs reaffirmed the contract by expressly advising that they did not want to back out of the deal and would take their chances on finding a customer for the property when it was ready for shipment. Other letters between the parties not specifically referred to do not alter what seems to be the real facts of the case. Under these circumstances we

do not think the question of. a reasonable time in which to make delivery, which ordinarily is for the determination of the jury, was applicable to the case. The parties agreed that the machinery would be delivered when it was replaced by other machinery. While this date was uncertain, it was ascertainable. The delay in replacing the machinery does not appear to have been the fault of either the plaintiffs or the defendant. It appears from the stipulation and from the evidence that the machinery purchased was not replaced with new machinery until March 22, 1948, after which date the plaintiffs refused to accept delivery. Under the evidence the plaintiffs were not in position to rescind the contract of purchase when they undertook to do so. The defendant complied with the agreement in tendering the property as soon as it could have been tendered under the contract. The verdict for the defendant was demanded as a matter of law. The court did not, therefore, err in directing said verdict. A different conclusion is not required or authorized by the cases on which the plaintiffs rely. See *Estes Lumber Co.* v. *Palmyra Yellow Pine Co.*, 29 *Ga. App.* 15 (113 S. E. 821).

While it is never error to refuse to direct a verdict (*Pearl Assurance Co. Ltd.* v. *Nichols*, 73 *Ga. App.* 452, 37 S. E. 2d, 227); "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. "It is not reversible error to direct a verdict if no other finding than that directed can legally be reached or sustained. *Davis* v *Kirkland*, 1 *Ga. App.* 5 (58 S. E. 209)." *Lumber Ins. Co. of New York* v. *Henderson Lumber Co.*, 16 *Ga. App.* 756 (86 S. E. 60).

■ The court did not err in excluding from the evidence the letter from the defendant to the plaintiffs dated September 25, 1946. Although this letter conveyed to the plaintiffs the hope that the new machinery would be procured in October, it was not a part of the contract finally made by the parties and was therefore immaterial. It illustrated the fact that the plaintiffs and the defendant hoped for and expected an early delivery of the new machinery, but that fact was abundantly shown by other letters which were introduced in evidence.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*
■