73523, 73568. WILLIAMS v. CITIZENS BANK OF ASHBURN;
and vice versa.
(356 SE2d 80)

McMurray, Presiding Judge.

The case sub judice began as an action in equity for an accounting under the will of Preston E. Williams. The defendant, executrix under the will, filed third-party complaints. The third-party complaints allege that any sums which plaintiff may recover against defendant are in turn recoverable by defendant as third-party plaintiff against the third-party defendants Sarah Phelps, Paul Phelps and The Citizens Bank of Ashburn. The third-party complaints allege that third-party defendants Paul Phelps and Sarah Phelps converted to their own use certain monies, properties and various banking instruments that rightfully belonged to Preston E. Williams and that such occurred while Paul Phelps was an employee and agent of, and with the knowledge and consent of, The Citizens Bank of Ashburn.

Upon the trial of the case the jury returned a verdict in favor of plaintiff and against defendant in the main equity case. However, the details of the verdict in the equity action are of no concern to us on this appeal which deals solely with the third-party action.

The jury's verdict as to the third-party action was in favor of the third-party plaintiff and against the three third-party defendants. Following the entry of judgment, third-party defendant The Citizens Bank of Ashburn moved for judgment notwithstanding the verdict or in the alternative for new trial. The trial court granted The Citizens Bank of Ashburn's motion for judgment notwithstanding the verdict and the third-party plaintiff appeals from this order. The third-party defendant The Citizens Bank of Ashburn has cross-appealed contingent upon our decision on the main appeal. *Held:*

The evidence clearly shows the taking of certain monies of Preston Enoch Williams, by Sarah and Paul Phelps (mother and son), the purchasing of certificates, dates, amounts, banks involved, assignment and dissipation of the funds.

The converted monies were initially deposited in a money market certificate of deposit in the Bank of Edison. While the certificate was made to "Preston E. Williams or Mrs. Sarah B. Phelps," it was uncontroverted that Mr. Williams was the owner of these funds. Sarah

Phelps was the step-daughter-in-law of Preston E. Williams, who was approaching 80 years of age and was experiencing failing eyesight.

On or about March 11, 1981, at the maturity of the Bank of Edison certificate of deposit, the certificate was endorsed by Sarah Phelps and the funds deposited in a certificate of deposit in the third-party defendant The Citizens Bank of Ashburn in the names of Preston E. Williams or Sarah B. Phelps (the same names as the Bank of Edison certificate). At the maturity of The Citizens Bank of Ashburn certificate of deposit, the certificate was endorsed by Sarah Phelps and at her direction the funds were redeposited in two certificates of deposit, one in the amount of $16,000, in the name of Preston E. Williams or Sarah B. Phelps and the balance of $45,391.22 was placed in a certificate of deposit in the name of Sarah B. Phelps or Paul S. Phelps. In each of these two transactions, the transfer of the funds from bank to bank and the splitting of the funds into two certificates, Paul Phelps was involved in his capacity as an officer of the third-party defendant The Citizens Bank of Ashburn. The certificate in the amount of $45,391.22 was dissipated by Paul Phelps, who pledged the certificate as a security for a personal indebtedness upon which he defaulted. Interest payments on both certificates were sent to the address of Sarah Phelps and endorsed by her.

The sole defense presented at trial by the Phelpses was that the monies were a gift to Sarah Phelps from Preston E. Williams. This defense was rejected by the jury who found "no gift."

In regard to The Citizens Bank of Ashburn's lack of duty to question these transactions see OCGA §§ 7-1-816 and 7-1-820. Thus, there was no misconduct apparent (to the bank) on the surface of the transactions involving these funds, nor is there any evidence of the bank receiving actual notice of the conversion.

Unless the knowledge of Paul Phelps is imputed to the bank, the record fails to show any knowledge by the third-party defendant The Citizens Bank of Ashburn as to the acts of conversion perpetuated by Paul Phelps through and with the bank while serving in his official capacity. Thus, the key issue is whether the knowledge of Paul Phelps should be imputed to the bank. The trial court decided this issue in the negative and the third-party plaintiff contends this decision was error. The third-party plaintiff argues that the knowledge of Paul Phelps is imputed to the bank and that the bank is liable because Paul Phelps was acting in the course of his employment and for the benefit of the bank. However, it is clear that Paul Phelps was acting in his own interest, that any communication regarding same to the bank would be adverse to his own interest, and that any benefit to the bank arising from having the funds on deposit with the bank was entirely incidental. Under these circumstances the third-party defendant The Citizens Bank of Ashburn was not chargeable with the

knowledge of its agent, Paul Phelps. *Pursley v. Stahley*, 122 Ga. 362 (1) (50 SE 139); *Hodgson v. Hart*, 165 Ga. 882 (1) (142 SE 267). We find no error in the trial court's grant of judgment notwithstanding the verdict to third-party defendant The Citizens Bank of Ashburn. The issues raised in the cross-appeal are moot.

*Judgment affirmed in Case No. 73523. Cross-appeal in Case No. 73568 dismissed. Carley and Pope, JJ., concur.*

DECIDED MARCH 18, 1987 —
REHEARING DENIED APRIL 1, 1987.

*Willis A. Duvall, Jesse G. Bowles*, for appellant.
*J. Harvey Davis*, for appellee.