DANIEL & COMPANY vs. TARVER et al.

70   203
98   534

70   203
103  130

1. A case having been tried on October 28, a motion for new trial made during the term, and granted on January 31 thereafter, and a bill of exceptions tendered on February 7, it was too late to assign error on rulings made at the trial. The grant of the new trial could alone be reviewed.

2. Where one who had induced another to give credit to a third party, bought the account, made out in gross, at half price, risking its being paid, and gave his note therefor, which was renewed with security when it fell due, to a suit brought on the renewed note it was no valid defense that the account had not been assigned to him in writing so that he could sue in his own name, and that the debtor was insolvent, it appearing that he could have sued in the name of the creditor or could have obtained a written assignment on request, but did not ask or desire it. A verdict for the plaintiff was right, and should not have been set aside as contrary to law.

(a.) An assignment should be in writing to pass the legal title to an open account.

April 17, 1883.

Contracts. Statute of Frauds. New Trial. Consideration. Before Judge SNEAD. Richmond Superior Court. October Term, 1881.

Z. Daniel & Company, as transferees for value, brought suit against R. Tarver and R. G. Tarver on a note made by them to Miller & Daniel and indorsed by the latter.

Defendants filed the following pleas:

(1.) The general issue.

(2.) Total failure of consideration, " for that defendants gave said note to Miller & Daniel (who assigned said note to plaintiffs after maturity), for a certain statement of ac-

count against one T. E. Ponder, which account said plaintiffs represented as just and true, and so warranted it; whereas, said account was not due by said Ponder to Miller & Daniel; wherefore defendants were unable to realize anything upon said account, which was, as aforesaid, the consideration for which said note was given; and of this they put themselves upon the country."

(3.) Total failure of consideration "for that defendants have used all diligence to collect the said account of said Ponder, but have wholly failed because of his insolvency, and refusal to pay."

The evidence made substantially the following case:

Z. Daniel, one of plaintiffs' firm, was a member of the firm of Miller & Daniel at the time the note was given, and at that time had notice of its consideration. Plaintiffs' partnership was entered into after dissolution of Miller & Daniel, and the note sued on was purchased by them for value, before maturity. One T. E. Ponder, of Jefferson county, Ga., applied to Miller & Daniel of Augusta, Ga., for a line of credit in groceries, etc. Daniel, knowing that defendant R. G. Tarver was formerly of Jefferson county, called on him and inquired as to the responsibility of Ponder. Tarver replied that he was a good man and responsible, and it was largely on the faith of this recommendation that credit was extended. [Tarver swore that he recommended the Ponder family as good men, but did not include this particular Ponder].

When the account became due, Daniel again called on Tarver and told him that they had collected about all they could from Ponder. Tarver said he thought the account good, and offered to buy the same. Miller & Daniel agreed to this, and sold it to him for about 50 per cent. of the balance then due, and took his note for the amount of the purchase money. They delivered to him an unitemized statement of account against Ponder, which was accepted by Tarver. This paper was not produced on the trial, having been lost by defendant. Tarver says there was no written transfer thereon. Plaintiffs do not recollect, but

think there was none. No demand was then made for a written transfer, and none since, nor was any objection or complaint made on that ground. Nothing was said at the time of the trade in reference to title, but both parties thought the legal title passed by the parol assignment, and such was their intention. The assignors intended to give every thing that was necessary to enable the assignee to collect the claim. Neither party knew that written transfer was necessary to pass title, or the difference between legal title to, and an equitable interest in, a *chose* in action. The account was valid and unpaid. There was no warranty as to collectibility of the claim. On the contrary, Daniel told Tarver that they had been unable to collect. Miller & Daniel surrendered all interest in the claim, and made no further effort to collect. They have always been, and are now, ready and willing to make a written transfer and give any other writing Tarver may ask or desire, also to allow him to use their names in suing the claim, and to give him free access to, and unobstructed use of, firm books containing items of account referred to. Tarver, after the purchase, kept the account about two months, without seeing or communicating with Ponder. He then went to Jefferson county, and asked the debtor for payment, who refused, and has ever since refused to pay. Tarver has never sued the claim. Defendants say Ponder is insolvent. Plaintiffs do not know his financial condition. At the maturity of the note, Tarver stated he was unable to pay; asked for further time; said if time was granted, he would make the note good by his father's name. This was agreed to, interest added, and the note sued on executed by father and son. Roberson Tarver had no interest in the claim; signed at his son's request as surety.

The jury found for the plaintiffs. Defendants moved for a new trial on the ground that the verdict was contrary to law, evidence and the charge of the court. This was granted, and plaintiffs excepted.

HARPER & BROTHER, for plaintiffs in error.

W. H. FLEMING, for defendants.

JACKSON, Chief Justice.

1. The verdict in this case was for the plaintiffs. The defendants were granted a new trial, and the plaintiffs excepting to that judgment, bring this writ of error here. They also excepted to many rulings of the court on the hearing before the jury; but all these were stricken here because the time had elapsed within which they could be excepted to.

The grant of the new trial alone on the grounds that it is contrary to law, to the evidence and to the charge will be considered.

2. They make a single point: Is the sale of an account in gross, and not itemized, a valid consideration to support a promissory note, payable in bank, and renewed once with a surety thereto, where the account was not sued or attempted to be sued by the maker of the note, but presented for payment and refused, after being held some time, and when the maker of the account was insolvent, and the intention of both parties to the trade was to pass full title to the account?

The assignment should have been in writing, in order to pass the legal title. Code, §2244; 63 *Ga.*; 681.

But has the consideration on which the promissory note was given wholly failed by reason of that not being done?

The man who owed the account when it was presented failed and refused to pay it, not because the title was not good in him who presented it, nor for the want of a bill of particulars, but because he was insolvent. The suit could have been brought in the name of the parties who sold the goods, if suit had been necessary; or the assignment could have been put in writing, and the account all itemized, which the plaintiffs were ready to do; but the maker did not ask or desire this to be done, but was satis-

-fied that he could not collect it, and to sue for it would have been to send good money after bad, and to lose all at last. He knew the person who made the account; he had led the plaintiffs to credit him; he had bought the account at half price; he risked its being paid, and expected to make twice as much as he gave for it; and when, after two months, he saw the maker of the account and found he could not pay it, he pleads total failure of consideration. When one takes the risk of the solvency of a debtor to another whom he had induced that other to credit, and gives his note for the account against that debtor at half its nominal value, and keeps the account until the note at ninety days is renewed, and the renewed note with security falls due, and then pleads total failure of consideration on the mere pretext that the legal title to the account did not pass so as to sue it in his own name, though he could have sued in the name of the seller, and when he could have got the writing by asking for it, so as to sue in his own name, if he desired to sue, but really had no such desire, and could have made nothing by suing, he ought in justice and equity to pay it, and a verdict finding that he shall pay it, predicated on these facts, is not contrary to law and ought not to have been set aside.

Judgment reversed.