34843.  HURT & QUINN, INC. *v*. KEEN.

DECIDED OCTOBER 15, 1953.

*H. Dale Thompson,* for plaintiff in error.

*Carl K. Nelson, Nelson & Nelson,* contra.

TOWNSEND, J.  █ A motion to dismiss the bill of exceptions was made on the grounds: (1) that there was no sufficient assignment of error; and (2) because no parties are named or designated in the bill of exceptions. The exceptions here begin as follows: "Be it remembered that in the case of Hurt & Quinn, Inc. against James L. Keen, Jr. . ." The parties are thereafter referred to as plaintiff and defendant. It is signed, "H. Dale Thompson, attorney for Hurt & Quinn, plaintiff in error." Service is acknowledged by the named "attorneys for defendant in error." The parties are therefore sufficiently designated to prevent a dismissal of the writ of error. Code § 6-1202; *Jordan* v. *Harber,* 172 *Ga.* 139 (1) (157 S. E. 652). Error is assigned as follows: "To this ruling the plaintiff in error excepted, now excepts to the passing of the order sustaining the general and special demurrers . . . and ordering plaintiff's petition dismissed . . . and assigns the same as error upon the ground that it was contrary to law." This is a sufficient assignment of error. *Whidden* v. *City of Thomasville,* 10 *Ga. App.* 194 (2)

(73 S. E. 45); *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (1) (52 S. E. 439). The motion to dismiss the bill of exceptions is without merit.

■ A petition should be dismissed on general demurrer if the allegations thereof and inferences fairly arising therefrom, when construed against the pleader, do not affirmatively show a right to recover against the defendant. Code § 81-304. It is true that a plaintiff has a right to bring suit upon an account, attaching to his petition a bill of particulars or statement of the account, and such petition is sufficient, with the right in the plaintiff to recover upon proof of an express or implied promise to pay the same. *Southern Ry. Co.* v. *Grant,* 136 *Ga.* 303 (1) (71 S. E. 422). The form of such petition will be sufficient if it follows the short, or "Jack Jones," form prescribed by statute (Ga. L. 1847, p. 203), and no additional averments are necessary to let in the proof essential to a recovery. *Henry Darling, Inc.* v. *Harvey-Given Co.,* 40 *Ga. App.* 771 (1) (151 S. E. 518). The short form, however, is not a universal talisman of success in pleading, for, while a petition containing the elements therein set out is, of itself, sufficient to withstand general demurrer, it does not follow that this continues to be the case where, by additional averments, the strength of the declaration is watered down, and other implications, arising from the allegation of further evidentiary facts, arise which are in direct conflict with the right of recovery. This distinction is illustrated in *Breen* v. *Barfield,* 80 *Ga. App.* 615 (56 S. E. 2d 791), holding a statutory trover form for recovery of a deed to land sufficient, although a petition on a similar cause of action in *Dobbs* v. *First Nat. Bank,* 65 *Ga. App.* 796 (16 S. E. 2d 485), had been subject to general demurrer. The court pointed out: "In the *Dobbs* case, the petition, by stating a cause of action with greater particularity than was necessary, showed on its face that it was an action respecting title to land—what, in the event of the plaintiff's having used the statutory form (as was accurately followed in the present case) would not have developed until the evidence was presented."

The plaintiff here has added to its statutory action on open account certain allegations from which the following implications may fairly be drawn: (1) that the plaintiff is the general agent of three named insurance companies; (2) that the defendant is

an agent, either of the plaintiff or of the insurance companies; (3) that the defendant was indebted to the insurance companies; and (4) that the plaintiff paid the defendant's indebtedness to such companies. There are, however, no allegations from which it might be assumed either (1) that there was any contractual relationship between plaintiff and defendant from which would arise either an express or implied promise on the latter's part to reimburse the former, or (2) that there was any assignment of the debt from the insurance companies to the plaintiff which would give the plaintiff a right to sue in its own name. An assignment of an open account should be in writing. *Daniel & Co.* v. *Tarver,* 70 *Ga.* 203 (2a). So far as the relationship of principal and agent is concerned, the allegation in the statutory form, that "defendant is indebted to petitioner upon a certain open account" in a named sum, is modified by the further allegation that "as such general agent [plaintiff] has paid to said [insurance] companies the amounts shown herein, and *therefore is entitled to recover said amounts from said defendant.*" The italicized clause is a conclusion of the pleader, in the absence of any allegations showing a legal necessity on the part of the plaintiff to pay over such sums; and the two allegations, taken together, indicate that the indebtedness alleged in paragraph 2 is dependent upon such conclusion. The petition utterly fails to show any legal necessity for the plaintiff, a general agent of the named insurance companies, to pay to its principal a debt owed to them by the defendant, another agent. This case differs from that of *Henry Darling, Inc.* v. *Harvey-Given Co.,* supra, in that there the statutory form was followed, and the defendant was a company purchasing and receiving the benefit of the insurance which the plaintiff, as agent, sold to it. It also differs from *Southern Ry. Co.* v. *Grant,* supra, in that there the plaintiff alleged an account directly against the defendant corporation for services rendered by him to certain named individuals. Payments made by the plaintiff here to third persons on accounts owing to them by the defendant, if not paid under agreement, or through legal necessity, or under circumstances such that it would be against equity and good conscience not to require reimbursement, would be voluntary payments, and could not be recovered. Code § 20-1007; *H. & V. Builders* v. *McDermid,* 76 *Ga. App.* 196 (45 S. E. 2d 289).

The petition as amended did not state a cause of action, and the trial court did not err in sustaining the general demurrers and dismissing it.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C. J., Gardner, P. J., Felton, Carlisle, and Quillian, JJ., concur.*