### 37956.   GILMAN *v.* ASHENFELTER.

GARDNER, Presiding Judge.   Norwood Ashenfelter brought suit against Arthur B. Gilman, alleging damages of $100,000 for saying of and concerning the plaintiff certain allegedly false and malicious words. The petition was brought in two counts, both substantially to the same effect. Process was prayed for in each, signed by the plaintiff's counsel and sworn to under oath by the plaintiff. Count 1 alleged that the words were spoken on September 28, 1959. Count 2 alleged that certain other and different words were spoken of the plaintiff on September 29, 1958.

The petition was brought in the "Jack Jones" form, but contained more than the usual "Jack Jones" form.

The defendant filed demurrers, both general and special, to the petition as a whole and to each count thereof. The trial court overruled the general and special demurrers and it is to that ruling that the case is here for review.

In a full court case, *Hurt & Quinn, Inc.* v. *Keen,* 89 *Ga. App.* 4 (78 S. E. 2d 345), this court said: "1. The statutory or 'Jack Jones' form of pleadings (Ga. L. 1847, p. 490), when applicable, is sufficient to set out a cause of action as against both general and special demurrer. 2. When, however, other evidentiary matter is incorporated in the petition, from which inferences may legitimately arise adverse to the plaintiff's right to recover, the sufficiency of the petition to withstand general demurrer does not rest solely upon the statutory form, but must be tested, as petitions generally, by the requirements of Code § 81-101 that the plaintiff set forth his cause of action fully, plainly, and distinctly." See also *Elsas* v. *Browne,* 68 *Ga.* 117.

The trial judge properly overruled the defendant's demurrers, both general and special, the petition being sufficient to withstand all the demurrers filed.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

DECIDED OCTOBER 22, 1959.

*Walter E. Baker, Jr.,* for plaintiff in error.
*Abraham J. Walcoff,* contra.

TOWNSEND, Judge, concurring specially. Reference to section 3396 of the Code of 1882 reveals that each count of the petition here is verbatim within that prescribed for actions for slander under the Jack Jones forms. Since a count must be a complete cause of action in itself, and the joining of counts is merely a procedural device either to adjust the pleadings to expected proof or to combine similar demands and obviate unnecessary hearings, the fact that this petition is brought in two counts does not remove it from the statutory form of pleading here adopted. It is accordingly not subject to demurrer and the plaintiff cannot be forced to plead more fully the person to whom the words were spoken or the circumstances of the transaction, although, except for this fact, it is my opinion that at least some of the special demurrers are well taken.