43202. DICKEY CONSTRUCTION COMPANY, INC. v. GEORGIA SOUTHEASTERN CORPORATION et al.

DEEN, Judge. While the so-called Jack Jones forms of pleading were, at the time this petition was filed, sufficient, and while one of the forms, denominated an action for words, requires only that plaintiff allege that the defendant injured and damaged him by "falsely and maliciously saying of and concerning your petitioner the following false and malicious words," stating them, it is also true that the Jack Jones forms can be used only where, construing the petition against the pleader, it appears that a cause of action is set out. "When . . . other evidentiary matter is incorporated in the petition, from which inferences may legitimately arise adverse to the plaintiff's right to recover, the sufficiency of the petition to withstand general demurrer does not rest solely upon the statutory form, but must be tested, as petitions generally, by the requirements of *Code* § 81-101 that the plaintiff set forth his cause of action fully, plainly, and distinctly." *Hurt & Quinn v. Keen,* 89 Ga. App. 4 (2) (78 SE2d 345).

The only words alleged in this petition to have been said are: "Concerning the allegation that we took Robert Davis from your work to install sidewalks, we used his services because he was threatening to leave the job for your failure to furnish materials and to pay him. We were authorized by you to pay your subcontractor directly. This was because you lacked the credit necessary to satisfy him." Obviously, these words,

792

couched in the second person, were spoken or written by some person to some other person. Since both parties here are corporations, if we do not assume that they were spoken or written by an agent of the defendant corporation no cause of action is set out. If we do assume they were said by an agent of the defendant, we must also assume they were spoken to an agent of the plaintiff. In such a case there is no publication, and consequently no defamation. *Code* § 105-705; *Walter v. Davidson*, 214 Ga. 187 (2) (104 SE2d 113). Nothing in the petition suggests that the words were heard or read by another person. It follows that no cause of action is set out.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 5, 1967.

*Poole, Pearce & Cooper, William F. Lozier, Robert R. Smith,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellees.